UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00732-RGK-MAA | Date | May 13, 2025 |
|---|---|---|---|
| Title | *John Gioeli v. Sega Corporation* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [DE 30]

## I. INTRODUCTION

On February 7, 2025, John Gioeli ("Plaintiff") filed the operative First Amended Complaint ("FAC") against Sega Corporation ("Defendant"). (ECF No. 17.) In the FAC, Plaintiff asserts claims for declaratory judgment, breach of contract, an accounting, and unjust enrichment. (*Id.*)

Presently before the Court is Defendant's Motion to Dismiss. (ECF No. 30.) For the following reasons, the Court **GRANTS** the Motion **in part**.

## II. FACTUAL BACKGROUND

Plaintiff alleges the following in the FAC:

In 2001, the parties entered into an agreement wherein Plaintiff was to contribute lyrics for "Live and Learn," a song for Defendant's videogame *Sonic Adventure 2* (hereafter, the "Service Agreement"). The Service Agreement did not mention Plaintiff providing any additional songwriting, recording, producing, or vocal services, and did not contemplate Defendant using the song outside of *Sonic Adventure 2*.

As time went on, however, Plaintiff's role and services began to expand beyond those originally contemplated by the Service Agreement. Instead of merely providing lyrics, Plaintiff took an active role in developing "Live and Learn," including by producing the instrumental version of the song and providing vocals for the song. Ultimately, he produced the sound recording for the song and sent it to Defendant.

Later that same year, the parties entered into another agreement because Defendant wanted to license the song to a company called Nippon so that Nippon could make the song available for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00732-RGK-MAA | Date | May 13, 2025 |
|---|---|---|---|
| Title | *John Gioeli v. Sega Corporation* | | |

consumers to download online (hereafter, the "Nippon Agreement"). In the recitals of the Nippon Agreement, the sound recording and musical composition for "Live and Learn" were identified as "works-for-hire." Nonetheless, the Nippon Agreement contemplated that Plaintiff would receive a royalty from Defendant every time a consumer downloaded "Live and Learn" from Nippon's website.

In 2024, Plaintiff learned that "Live and Learn" appears in Defendant's other video games and in video games made by other well-known companies like Nintendo. Moreover, Defendant has never paid Plaintiff royalties owed under the Nippon Agreement.

## III. JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. A plaintiff need not provide "detailed factual allegations" but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the Court may consider the complaint, materials incorporated into the complaint by reference, and matters of judicial notice. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). It must "accept all factual allegations in the complaint as true." *Id.* The Court must also "construe the pleadings in the light most favorable to the nonmoving party." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

## IV. DISCUSSION

Plaintiff asserts claims for: (1) declaratory judgment, (2) breach of contract, (3) an accounting, and (4) unjust enrichment. Defendant moves to dismiss each claim.[1] The Court begins by addressing the

---

[1] Defendant filed a "Notice of Plaintiff's Failure to File Opposition to Defendant's Motion to Dismiss" arguing that its Motion should be granted as conceded because Plaintiff did not file a timely opposition. (ECF No. 34.) The Court declines to grant the Motion by default in this instance because Plaintiff's Opposition was filed only one day after the deadline and Plaintiff's counsel represents the delay was due to a calendaring error. However, Plaintiff's counsel is warned that future late filings may have consequences.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00732-RGK-MAA | Date | May 13, 2025 |
|---|---|---|---|
| Title | *John Gioeli v. Sega Corporation* | | |

declaratory relief, accounting, and unjust enrichment claims, then proceeds to consider Plaintiff's breach of contract claim.

### A.   **Declaratory Judgment, Accounting, and Unjust Enrichment**

Plaintiff seeks a declaratory judgment regarding who owns the sound recording and musical composition copyrights to "Live and Learn."[2] As to the sound recording, he seeks a declaration that he is the sole copyright owner. As to the musical composition, he seeks a declaration that he is a co-owner with Defendant. Defendant argues that Plaintiff's ownership claims must be dismissed because they are barred by the Copyright Act's statute of limitations. Defendant further argues that because Plaintiff's ownership claims fail, his derivative claims for an accounting and unjust enrichment also fail. Because several of Defendant's arguments rely on the Court's consideration of materials that were not attached to the FAC, the Court begins by determining which materials are appropriate for consideration on a motion to dismiss.

#### 1.   *Materials Appropriate for Consideration on a Motion to Dismiss*

Defendant asks that the Court consider the Service Agreement, the Nippon Agreement, and the credit and copyright notices for (1) the *Sonic Adventure 2* video game and (2) a seemingly related *Sonic Adventure 2 Cuts Unleashed* CD soundtrack.[3] Under the incorporation-by-reference doctrine, courts may "consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." *Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1043 (9th Cir.), *amended on denial of reh'g and reh'g en banc* (Apr. 28, 2015) (internal alteration and quotation marks omitted). The parties do not dispute that the Court may consider the Service Agreement because its contents are alleged in the FAC and neither party questions its authenticity. However, they dispute whether the Court may consider the Nippon Agreement and the two sets of credit and copyright notices.

With respect to the Nippon Agreement, Plaintiff concedes that its contents are alleged throughout the FAC. (Opp'n at 6, ECF No. 37.) He nonetheless submits that the Court may not consider it because he is "not certain regarding [its] authenticity" because he "was first provided a copy of [the] [a]greement in the months leading up to this litigation [and] it appears neither party was aware of its existence until the present claim caused [Defendant] to review their records." (*Id.* at 6, 11.) The trouble is, however, an authenticity objection must be made on legally cognizable grounds; a party opposing incorporation by reference cannot simply argue that he did not review or have access to the proffered copies. *See Korman v. ILWU-PMA Claims Off.*, 2019 WL 1324021, at *5 (C.D. Cal. Mar. 19, 2019)

---

[2] The Copyright Act distinguishes between the copyrights in a musical composition (*i.e.*, the music and lyrics of a song) and in a sound recording (*i.e.*, a particular recorded performance of a song). *See Newton v. Diamond*, 204 F. Supp. 2d 1244, 1248–49 (C.D. Cal. 2002).

[3] Defendant also asks for other documents to be considered, but these documents are not necessary to resolving the Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00732-RGK-MAA | Date | May 13, 2025 |
|---|---|---|---|
| Title | *John Gioeli v. Sega Corporation* | | |

(quoting *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1161 (9th Cir. 2012). Plaintiff has not provided any good reason to question the authenticity of the Nippon Agreement. As such, the Court will consider it incorporated by reference into the FAC. The contents of the two sets of credit and copyright notices, however, are not referenced anywhere in the FAC. Thus, the Court will not consider them in ruling on the instant Motion.[4]

Having determined what materials are appropriate for consideration, the Court proceeds to consider Defendant's arguments for dismissing Plaintiff's declaratory judgment claim and his derivative claims for an accounting and unjust enrichment.

    2.    *Timeliness and Plaintiff's Derivative Claims*

A statute-of-limitations defense, if "apparent from the face of the complaint," may properly be raised in a motion to dismiss. *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980). The Copyright Act provides that all civil actions must be brought "within three years after the claim accrued." 17 U.S.C. § 507(b). When the plaintiff's claim concerns copyright *ownership* rather than *infringement*, it accrues only once, when "plain and express repudiation" is communicated to the plaintiff. *Zuill v. Shanahan*, 80 F.3d 1366, 1369 (9th Cir. 1996); *Seven Arts Filmed Ent. Ltd. v. Content Media Corp.*, 733 F.3d 1251, 1254 (9th Cir. 2013).

Defendant argues that Plaintiff's ownership claims over the sound recording and musical composition for "Live and Learn" accrued in 2001, twenty-three years before this lawsuit was filed, because the Service Agreement repudiated Plaintiff's ownership claims. In Section 2.3 of the Service Agreement, Plaintiff agreed that "all rights in the *Services* hereunder shall be owned in perpetuity" by Defendant. (Lehv Decl., Ex. A ¶ 2.3, ECF No. 30-2 (emphasis added).) In Section 4.1, Plaintiff agreed that "[a]ll materials conceived or developed by [Plaintiff] *hereunder*, shall become the property of [Defendant] when prepared." (*Id.* ¶ 4.1 (emphasis added).)

Plaintiff aptly points out that the "Services" contemplated by the agreement are Plaintiff's creating *lyrics* for a song in *Sonic Adventure 2*. (*Id.* ¶ 1.2.) Defendant repudiating Plaintiff's ownership of the lyrics to "Live and Learn" does not plainly and expressly repudiate Plaintiff's claim of ownership over the greater musical composition and sound recording copyrights. Moreover, although Defendant also argues that Section 4.1 is broad enough to encompass "any non-lyrical contributions, including melody, arrangement, and recording" (Reply at 6, ECF No. 38), Plaintiff specifically alleged that his efforts in developing the musical composition and sound recording were beyond the scope of the parties' original agreement. And construing the Service Agreement in the light most favorable to Plaintiff, the

---

[4] Defendant relies on these documents to make various arguments regarding the timeliness of Plaintiff's claims. Because the Court may not consider these documents, it need not address the arguments that rely on them.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00732-RGK-MAA | Date | May 13, 2025 |
|---|---|---|---|
| Title | *John Gioeli v. Sega Corporation* | | |

Court cannot say that the melody, arrangement, and recording were "materials conceived or developed" thereunder.[5]

    Defendant alternatively argues that the Nippon Agreement constituted an express repudiation of Plaintiff's ownership of the sound recording for "Live and Learn." As Plaintiff admits in the FAC, the Nippon Agreement contains recitals stating the sound recording was "work-for-hire." Moreover, the same recitals indicate that Defendant "has all right, title or interest to and from" the sound recording. (Lehv Decl., Ex. B at 1, ECF No. 30-3.) Plaintiff argues these statements do not constitute a repudiation because they only appear in the recitals of the Nippon Agreement, and thus do not indicate Plaintiff agreed to them. Plaintiff further argues that the Nippon Agreement is subject to recission for various reasons anyway, so it is not enforceable. Plaintiff misses the mark. Whether Plaintiff agreed to Defendant's claim of ownership, or the contract passes muster, are immaterial. *See Zuill*, 80 F.3d at 1368 (plain and express repudiation of copyright ownership by the defendant was set forth in an agreement the plaintiff "refused to sign"). The 2001 Nippon Agreement demonstrates that Defendant expressly repudiated Plaintiff's claim of ownership over the sound recording to "Live and Learn." Since Plaintiff did not pursue an ownership claim over the sound recording within three years of the 2001 repudiation, it is untimely.

    In sum, Defendant has not demonstrated that Plaintiff's ownership claim to the musical composition to "Live and Learn" is untimely. However, Defendant has demonstrated that Plaintiff's ownership claim to the sound recording is.

    As noted above, Defendant argues that Plaintiff cannot proceed with his claims for an accounting or unjust enrichment because he has not pled a viable ownership claim over "Live and Learn." However, since Plaintiff has pled a viable ownership claim as to the musical composition, his derivative claims for an accounting and unjust enrichment may proceed.

    Accordingly, the Court **GRANTS** the Motion **in part** as to Plaintiff's claim for declaratory judgment. Plaintiff's claim for declaratory judgment is timely insofar as it seeks to assert an ownership claim to the musical composition to "Live and Learn." It is untimely insofar as it seeks to assert an ownership claim to the sound recording to "Live and Learn." Moreover, the Court **DENIES** the Motion as to Plaintiff's claims for an accounting an unjust enrichment.

---

[5] Defendant also argues that Plaintiff's ownership claims over the sound recording and musical composition are inconsistent with the terms of the Service Agreement, which precludes his claim for declaratory judgment. *See Marder v. Lopez*, 450 F.3d 445, 449 (9th Cir. 2006). As discussed, Plaintiff's ownership claims are not inconsistent with the Service Agreement on its face, so this argument fails.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00732-RGK-MAA | Date | May 13, 2025 |
|---|---|---|---|
| Title | *John Gioeli v. Sega Corporation* | | |

### B. Breach of Contract

Plaintiff alleges Defendant breached both the Service Agreement and the Nippon Agreement.[6] With respect to the Service Agreement, Plaintiff alleges Defendant improperly utilized and licensed Plaintiff's contributions to "Live and Learn" beyond just *Sonic Adventure 2*. With respect to the Nippon Agreement, Plaintiff alleges Defendant failed to pay him royalties due under the agreement.

Defendant argues Plaintiff's claim that it breached the Service Agreement must be dismissed because it is preempted by the Copyright Act. The Court agrees. The Copyright Act preempts "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301(a). State law claims are preempted when: (1) their subject matter "falls within the subject matter of copyright," and (2) the "rights asserted under state law are equivalent to" those protected by the Copyright Act. *Laws v. Sony Music Ent., Inc.*, 448 F.3d 1134, 1137–38.

Here, the "subject matter" of Plaintiff's claim for breach of the Service Agreement is "Live and Learn," a song, which the Copyright Act plainly protects. *See* 17 U.S.C. § 102. Thus, its subject matter "falls within the subject matter of copyright" and the first element of preemption is satisfied. Moreover, the contract claim is based on the parties' purported shared understanding that Plaintiff's contributions to "Live and Learn" would not be used outside of *Sonic Adventure 2* or distributed to others. The claim effectively asserts the same rights as those protected by the Copyright Act. *See* 17 U.S.C. § 106 (noting exclusive rights of copyright holder to, among other things, reproduce the copyrighted work, prepare derivative works, and distribute copies of the work by sale or other transfer of ownership); *Kiely v. Universal Music Grp.*, 2019 WL 9443183, at *1, *3 (C.D. Cal. Dec. 12, 2019) (holding that breach of contract claim was preempted where plaintiff alleged the contract did not allow defendant to use a song he authored beyond just one album). Accordingly, the second element of preemption is satisfied. Plaintiff's breach of contract claim is preempted to the extent it alleges breach of the Service Agreement.

Defendant further argues Plaintiff's claim that Defendant breached the Nippon Agreement must be dismissed because it seeks damages for unpaid royalties that fall outside the statute of limitations. California's statute of limitations for a breach of contract claim is four years. Cal. Civ. Proc. Code § 337(a). Defendant correctly points out that any claim for royalties owed before December 5, 2020 (four years before this action was filed on December 5, 2024) is untimely.

Defendant also argues that to the extent Plaintiff seeks damages for unpaid royalties from within four years of when this action was filed, he has not alleged sufficient facts showing that Defendant had any obligation to pay him any royalties. For example, Defendant points out that Plaintiff has not alleged any consumer downloaded "Live and Learn" from the Nippon website. The Court agrees. The FAC is

---

[6] Although Plaintiff alleges Defendant breached two separate contracts, Plaintiff asserts only one claim for breach of contract.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00732-RGK-MAA | Date | May 13, 2025 |
|---|---|---|---|
| Title | *John Gioeli v. Sega Corporation* | | |

virtually devoid of any factual allegations concerning Defendant's alleged breach of the Nippon Agreement.

Accordingly, the Court **GRANTS** the Motion as to Plaintiff's breach of contract claim.

### C.     Leave to Amend

Plaintiff requests leave to amend the FAC if any of his claims are dismissed. The Court should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[U]ndue delay, bad faith or dilatory motive on the part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment" are sufficient reasons for a district court to deny leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Absent a showing of any of the above reasons for denying leave, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original).

Here, giving Plaintiff leave to amend his ownership claim to the sound recording of "Live and Learn" would be futile, as that claim is time-barred. The same is true with respect to Plaintiff's claim for breach of the Service Agreement, as that claim is preempted by the Copyright Act. However, Plaintiff's claim for beach of the Nippon Agreement may be cured through the introduction of additional factual allegations.

Accordingly, the Court **DISMISSES** Plaintiff's claim for declaratory judgment insofar as it claims ownership rights to the sound recording of "Live and Learn" **with prejudice**. The Court also **DISMISSES** Plaintiff's claim for breach of the Service Agreement **with prejudice**. The Court **DISMISSES** Plaintiff's claim for breach of the Nippon Agreement **without prejudice**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00732-RGK-MAA | Date | May 13, 2025 |
|---|---|---|---|
| Title | *John Gioeli v. Sega Corporation* | | |

**V.    CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the Motion **in part**. The Court **DISMISSES** Plaintiff's claim for declaratory judgment insofar as it asserts ownership rights to the sound recording of "Live and Learn" **with prejudice**. The Court also **DISMISSES** Plaintiff's claim for breach of the Service Agreement **with prejudice**. The Court **DISMISSES** Plaintiff's claim for breach of the Nippon Agreement **without prejudice**. Plaintiff's claim for declaratory judgment survives insofar as it asserts ownership rights to the musical composition of "Live and Learn." As do Plaintiff's claims for an accounting and unjust enrichment.

Plaintiff shall file any amended complaint within **fourteen (14) days** of this Order.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | | mal/aa |