**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET LLP**
Kevin R. Lussier (SBN 143821)
Suhail Rajakumar (SBN 327595)
800 Wilshire Boulevard, 15th Floor
Los Angeles, CA 90017
213-689-8500 (phone)
213-689-8501 (fax)

**FROSS ZELNICK LEHRMAN & ZISSU, P.C.**
Jason D. Jones (pro hac vice)
Richard Z. Lehv (pro hac vice)
Courtney B. Shier (pro hac vice)
151 W. 42nd Street, 17th Floor
New York, NY 10036
Tel: (212) 813-5900
Fax: (212) 813-5901

*Attorneys for Defendant*
SEGA CORPORATION

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| JOHN GIOELI, <br><br> Plaintiff, <br><br> v. <br><br> SEGA CORPORATION, <br><br> Defendant. | Case No. 2:25-cv-00732-RGK-MAAx <br><br> Hon. R. Gary Klausner <br><br> **DEFENDANT'S SUPPLEMENT TO RULE 16(b)/26(f) REPORT** <br><br> Initial Scheduling Conference <br> Date: June 2, 2025 <br> Time: 9:00 a.m. <br> Ctrm.: 850 |

In advance of the June 2, 2025, Scheduling Conference, Defendant SEGA Corporation ("Defendant") submits this supplement to the Parties' Joint Rule 16/26(f) Report dated May 5, 2025 (Docket Entry 40). Defendant provides this supplement in order to discuss the implications of the Court's May 13, 2025 decision (Docket Entry 43) granting in part and denying in part Defendant's Motion to Dismiss Plaintiff's First Amended Complaint.

## I.   RELEVANT PROCEDURAL BACKGROUND

The Parties submitted their Joint Rule 16/26(f) Report on May 5, 2025—one week in advance of the then-scheduled May 12, 2025 Initial Scheduling Conference. On May 12, 2025, however, counsel for Plaintiff did not appear at the Initial Scheduling Conference and therefore the Court issued an order later that same day continuing the Initial Scheduling Conference to June 2, 2025. (Docket Entry 42).

The next day, on May 13, 2025, the Court issued its decision (Docket Entry 43) granting in part and denying in part Defendant's Motion to Dismiss the First Amended Complaint (the "May 13 Decision"). Although the May 13 Decision allowed Plaintiff fourteen days—until May 27, 2025—to file a Second Amended Complaint to try to cure one of the dismissed claims, Plaintiff did not file a Second Amended Complaint.

## II.  WHAT REMAINS OF THIS CASE FOLLOWING THE MAY 13 DECISION

### a.   Brief Factual Summary

This action concerns Plaintiff's claims of ownership of copyrights in a song nearly 25 years old. The song, "Live and Learn," was composed and recorded in 2001 for use in the SEGA video game *Sonic Adventure 2*—part of SEGA's successful line of video games featuring Sonic the Hedgehog. Plaintiff signed a "Services Agreement" with SEGA in 2001 to write lyrics for "Live and Learn" and was paid for his contribution. That contract—as well as a second contract Plaintiff also signed with SEGA in 2001 (the "Nippon Agreement")—provide that SEGA owns "all rights" in the song.

But now, more than two decades later, Plaintiff inexplicably claims *he* owns the copyrights in "Live and Learn" and that SEGA has exploited the song without his permission for decades in various video games. Plaintiff's First Amended Complaint (Docket Entry 17, the "FAC") asserts a claim for a declaratory judgment that Plaintiff owns or co-owns the musical composition and sound recording copyrights in "Live and Learn," derivative claims for an accounting and unjust enrichment based on his alleged ownership of such copyrights and claims for breach of the Services Agreement and Nippon Agreement.

### b. What Remains Following the May 13 Decision

*Copyright Ownership Claims (Count I)*. In the May 13 Decision, the Court dismissed with prejudice Plaintiff's claim of ownership of the copyright in the sound recording of "Live and Learn" as untimely, since Plaintiff's claim of ownership had been repudiated by SEGA as early as 2001 via the Nippon Agreement. (May 13 Decision at 5).

The Court declined, however, to dismiss as untimely Plaintiff's claim of co-ownership of the copyright in the musical composition of "Live and Learn." In so holding, the Court said it could not consider on the motion to dismiss certain documents that Defendant argued constituted a repudiation of Plaintiff's claim of ownership of the musical composition—namely, the credits and copyright notices on the 2001 *Sonic Adventure 2* video game and the *Sonic Adventure 2 Cuts Unleashed* soundtrack CD. The Court reasoned that "[t]he contents of the two sets of credit and copyright notices . . . are not referenced anywhere in the FAC" and thus were not incorporated by reference into the FAC. (*Id*. at 4).

*Breach of Contract Claim: Services Agreement (Count II)*. The Court dismissed with prejudice Plaintiff's claim for breach of the Services Agreement because it was preempted by the Copyright Act. (May 13 Decision at 6).

*Breach of Contract Claim: Nippon Agreement (Count II)*. The Court dismissed Plaintiff's claim for breach of the Nippon Agreement because the claim is "virtually

devoid of any factual allegations concerning Defendant's breach of the Nippon Agreement." (*Id*. at 6-7). Although the Court allowed Plaintiff fourteen days to file a Second Amended Complaint to try to cure this defect by providing "additional factual allegations" (*id*. at 8), Plaintiff did not file a Second Amended Complaint. Thus, this breach of contract claim is no longer part of this case.

*Accounting and Unjust Enrichment Claims (Count III and IV)*. As the Court noted in the May 13 Decision, these are "derivative claims" that depend entirely on Plaintiff's claims to own or co-own the copyright in "Live and Learn." (May 13 Decision at 3, 5). Because the Court dismissed with prejudice Plaintiff's claim of ownership in the sound recording copyright, the only remaining claims in Counts III and IV are Plaintiff's claims for an accounting and unjust enrichment arising out of his alleged co-ownership of the copyright in the musical composition.

\* \* \* \*

In sum, as of today, the only remaining claims in this action are (1) a claim for a declaration of co-ownership of the copyright in the musical composition of "Live and Learn" and (2) the "derivative claims" for an accounting and unjust enrichment based on that alleged co-ownership.

### III. DEADLINE FOR DEFENDANT TO ANSWER THE FAC

Because Plaintiff did not to file a Second Amended Complaint on or before May 27, 2025, the FAC became the operative pleading in this action on that day. Thus, Defendant respectfully proposes that the Court set **June 10, 2025**—*i.e.*, fourteen days after May 27, 2025—as Defendant's deadline to file its Answer to the FAC.

### IV. DEFENDANT'S EARLY MOTION FOR SUMMARY JUDGMENT

Defendant believes that what remains of this case can be adjudicated via an early motion for summary judgment without the need for any discovery, as explained below. Defendant therefore intends to make a motion for summary judgment on Plaintiff's remaining claims shortly after it files its Answer to the FAC.

As noted above, the Court declined to dismiss as untimely Plaintiff's claim of

co-ownership of the musical composition because certain documents that Defendant argued constituted a repudiation of Plaintiff's claim of ownership were not incorporated by reference into the FAC and thus could not be considered in deciding the motion to dismiss. Defendant will, however, be able to submit those same documents—and others—on a motion for summary judgment. We believe those documents constitute clear and express repudiation of Plaintiff's claim of co-ownership in 2001 and therefore Plaintiff's remaining claim of copyright co-ownership is time-barred under the Copyright Act's three-year statute of limitations.

For example, the credits for the 2001 *Sonic Adventure 2* video game state: "Music & Lyrics: Jun Senoue, Fumie Kumatani, Kenichi Tokoi, [and] Tomoya Ohtani"—there is no mention at all of Plaintiff—and the copyright notice for the entire game (including songs) reads: "© SEGA CORPORATION 2001." On the 2001 soundtrack CD, the credits for the "Music" and "Arrangement" of "Live and Learn"— *i.e.*, the musical composition—are solely given to "Jun Senoue." And the CD bears a copyright notice solely in the names of "SONIC TEAM/SEGA." The CD does not mention Plaintiff or credit him other than as having provided "Words" and "Vocals" to "Live and Learn."

Thus, the 2001 *Sonic Adventure 2* video game and soundtrack CD constitute express repudiations of any ownership by Plaintiff in the musical composition copyright. *Aalmuhammed v. Lee*, 202 F.3d 1227, 1231 (9th Cir. 2000) ("The movie credits plainly and expressly repudiated authorship" by listing plaintiff only as a "consultant" on the film); *Ford v. Ray*, 130 F. Supp. 3d 1358, 1361 (W.D. Wash. 2015) (repudiation occurred when album was "released to the public, [but] did not acknowledge plaintiff as an author"); *Mahan v. Roc Nation, LLC*, 634 F. App'x 329, 331 (2d Cir. 2016) (repudiation occurred where "[t]he albums, which have sold millions of copies . . . bear a copyright notice that lists [defendant] as the sole copyright owner.") Therefore, Plaintiff's claim of copyright ownership accrued in 2001 and was time barred three years after such repudiation.

If the claim of co-ownership is dismissed on summary judgment, the claims for an accounting and unjust enrichment – which are derived from alleged co-ownership and depend on it – would also necessarily fail.

Defendant submits that no discovery is needed prior to filing the proposed summary judgment motion. The 2001 *Sonic Adventure 2* video game and the *Sonic Adventure 2 Cuts Unleashed* soundtrack CD—and others—are publicly-available and anyone can purchase them, so there is no plausible basis to dispute their authenticity. And there can be no dispute concerning the text of the credits and copyright notices and no amount of discovery will change the text. Thus, the only question is narrow and straightforward—namely, whether the credits and copyright notice constitute a repudiation of Plaintiff's remaining claim of copyright ownership. This is a question can the Court can resolve on summary judgment without requiring the Parties or the Court to go through the time and expense of discovery.

Defendant should be able to file the motion for summary judgment soon after it serves its Answer to the FAC. Defendant does not, however, currently have a proposed date for filing the motion.

## V.   DISCOVERY TO DATE

The Parties have not commenced discovery other than serving their Rule 26(a) Initial Disclosures on May 5, 2025. As discussed above, Defendant believes that the remaining claims in this case can be disposed of with an early summary judgment motion and without any discovery being necessary.

Nevertheless, if the Court wishes to enter a discovery and trial schedule even while the Parties brief Defendant's forthcoming summary judgment motion, then for the convenience of the Court, Defendant sets forth below the schedule the parties jointly requested on May 5, 2025:

| Deadline | Parties' Joint Request |
|---|---|
| **Fact Discovery Cut-off** | 11/10/25 |

| | |
|---|---|
| **Expert Disclosure (Initial)** | 11/21/25 |
| **Expert Disclosure (Rebuttal)** | 12/12/25 |
| **Expert Discovery Cut-off** | 1/9/26 |
| **Last Date to File Dispositive Motions** | 1/23/26 |
| **Pretrial Conference** | 3/23/26 |
| **Trial Date** | 4/7/26 |

Dated: May 29, 2025         Respectfully submitted,

/s/ Kevin R. Lussier
Kevin R. Lussier (SBN 143821)
**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET LLP**
Suhail Rajakumar (SBN 327595)
800 Wilshire Boulevard, 15th Floor
Los Angeles, CA 90017
213-689-8500 (phone)
213-689-8501 (fax)

**FROSS ZELNICK LEHRMAN & ZISSU, P.C.**
Jason D. Jones (pro hac vice)
Richard Z. Lehv (pro hac vice)
Courtney B. Shier (pro hac vice)
151 W. 42nd Street, 17th Floor
New York, NY 10036
Tel: (212) 813-5900
Fax: (212) 813-5901
*Counsel for Defendant*