**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET LLP**
Kevin R. Lussier (SBN 143821)
klussier@cmlawfirm.com
Suhail Rajakumar (SBN 327595)
srajakumar@cmlawfirm.com
800 Wilshire Boulevard, 15th Floor
Los Angeles, CA 90017
213-689-8500 (phone)
213-689-8501 (fax)

**FROSS ZELNICK LEHRMAN & ZISSU, P.C.**
Jason D. Jones (pro hac vice)
jjones@fzlz.com
Richard Z. Lehv (pro hac vice)
rlehv@fzlz.com
Courtney B. Shier (pro hac vice)
cshier@fzlz.com
151 W. 42nd Street, 17th Floor
New York, NY 10036
Tel: (212) 813-5900
Fax: (212) 813-5901

Attorneys for Defendant
SEGA CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GIOELI, <br><br> Plaintiff, <br> v. <br><br> SEGA CORPORATION, <br><br> Defendant. | Case No. 2:25-cv-00732 RGK (MAAx) <br><br> **DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date: August 18, 2025 <br> Time: 9:00 am <br> Courtroom: 850, 8th Floor <br> Judge: Hon. R. Gary Klausner |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** that on August 18, 2025 at 9:00 am, or as soon thereafter as the matter may be heard, in Courtroom 850, 8th Floor of the above-entitled Court, located at the Edward R. Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, California 90012, the Honorable R. Gary Klausner presiding, Defendant SEGA Corporation ("SEGA") will and hereby does move for an Order granting summary judgment to SEGA on the entirety of the claims remaining in Plaintiff John Gioeli's First Amended Complaint (Docket Entry 17, "FAC").

This Motion for Summary Judgment ("Motion") is made on the grounds that there is no genuine issue of material fact, and that SEGA is entitled to judgment as a matter of law because Plaintiff's remaining claims in the FAC are barred by the Copyright Act's three-year statute of limitations, 17 U.S.C. § 507(b), and because Plaintiff's claim for unjust enrichment is preempted by the Copyright Act.

This Motion is made pursuant to Federal Rule of Civil Procedure 56(a). The Motion is based on this Notice, and the accompanying Memorandum of Points and Authorities; the Statement of Uncontroverted Facts; the Declaration of Daisuke Ogawa and the exhibits attached thereto; the Declaration of Jason D. Jones; the files and records in this Action; any reply that SEGA may make; the arguments of counsel; and any other items the Court may consider.

This Motion is made following the conference of counsel pursuant to Civil Local Rule 7-3, which took place on July 10, 2025. *See* Declaration of Jason D. Jones, Docket Entry 54-11.

DATED: July 18, 2025

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET LLP**

By: */s/ Kevin R. Lussier*
Kevin R. Lussier
Suhail Rajakumar

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

Jason D. Jones (pro hac vice)
Richard Z. Lehv (pro hac vice)
Courtney B. Shier (pro hac vice)
**FROSS ZELNICK LEHRMAN &
ZISSU, P.C.**

Attorneys for Defendant
SEGA CORPORATION

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................7

FACTUAL BACKGROUND...............................................................................8

I.    THE "LIVE AND LEARN" SONG AND THE *SONIC ADVENTURE 2* VIDEO GAME...................................................................................8

II.   THE 2001 *SONIC ADVENTURE 2 CUTS UNLEASHED* MUSIC CD AND THE PREMIUM PAYMENT AGREEMENT .................................9

III.  THE 2001 *SONIC ADVENTURE 2 ORIGINAL SOUNDTRACK* CD...........10

IV.   THE 2011 20TH ANNIVERSARY EDITION OF THE *SONIC ADVENTURE 2* SOUNDTRACK...................................................................11

V.    THE 2018 VINYL EDITION OF THE *SONIC ADVENTURE 2* SOUNDTRACK.........................................................................................12

PROCEDURAL HISTORY ...............................................................................12

I.    THE FAC AND SEGA'S MOTION TO DISMISS ................................12

II.   THE COURT'S ORDER ON SEGA'S MOTION TO DISMISS .................12

ARGUMENT .....................................................................................................14

I.    LEGAL STANDARD .............................................................................14

II.   PLAINTIFF'S REMAINING CLAIM FOR DECLARATORY RELIEF (COUNT I) IS BARRED BY THE COPYRIGHT ACT'S THREE-YEAR STATUTE OF LIMITATIONS ..............................................................15

     A.   Plaintiff's Co-Ownership Claim Is Subject To A Three-Year Statute Of Limitations .....................................................................15

     B.   Plaintiff's Co-Ownership Claim Was Expressly Repudiated More Than Three Years Before the Filing of This Lawsuit .........................16

          1.   SEGA Repudiated Plaintiff's Alleged Co-Ownership By Failing to Credit Him As An Author or Copyright Owner of the Music and Arrangement for "Live and Learn".......................................................18

          2.   SEGA Repudiated Plaintiff's Alleged Co-Ownership By Openly Exploiting "Live and Learn" and Never Paying Plaintiff Royalties for Exploitation of the Musical Composition ...................................20

III.  BECAUSE PLAINTIFF'S CO-OWNERSHIP CLAIM IS BARRED, HIS DERIVATIVE CLAIMS FOR AN ACCOUNTING AND UNJUST ENRICHMENT ARE BARRED ..................................................................22

CONCLUSION...................................................................................................23

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

**Cases**

*Aalmuhammed v. Lee*,
202 F.3d 1227 (9th Cir. 2000) ...............................................................16, 19, 22

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)...............................................................................................15

*Best Carpet Values, Inc. v. Google, LLC*,
90 F. 4th 962 (9th Cir. 2024) ...............................................................................23

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986)...............................................................................................14

*Crabtree v. Kirkman*,
2023 WL 8113797 (C.D. Cal. Nov. 22, 2023) ......................................................16

*Ford v. Ray*,
130 F. Supp. 3d 1358 (W.D. Wash. 2015) ............................................................16

*Hernandez v. Levy Premium FoodServ., LP*,
2014 WL 12561615 (C.D. Cal. Apr. 29, 2014)......................................................13

*Mahan v. Roc Nation, LLC*,
634 F. App'x 329 (2d Cir. 2016) ...............................................................17, 20, 21

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
475 U.S. 574 (1986)...............................................................................................15

*Newton v. Diamond*,
204 F. Supp. 2d 1244 (C.D. Cal. 2002) ..................................................................8

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES

*Ortiz v. Guitian Bros. Music Inc.*,
2008 WL 4449314 (S.D.N.Y. Sept. 29, 2008) ....................................................17, 19

*Rico Recs. Distribs., Inc. v. Ithier*,
2005 WL 2174006 (S.D.N.Y. Sept. 8, 2005) ...........................................................17

*Santa-Rosa v. Combo Recs.*,
471 F.3d 224 (1st Cir. 2006).............................................................................17, 21

*Seven Arts Filmed Ent. Ltd. v. Content Media Corp.*,
733 F.3d 1251 (9th Cir. 2013) ...........................................................................16, 21

*Silva v. Sunich*,
2006 WL 6116645 (C.D. Cal. Sept. 6, 2006) ...............................................16, 17, 21

*Straughter v. Concord Music*,
2020 WL 6821313 (C.D. Cal. Oct. 13, 2020) .....................................................17, 19

*White v. Warner-Tamerlane Publ'g Corp.*,
2017 WL 4685542 (C.D. Cal. May 22, 2017)...........................................................20

*Zuill v. Shanahan*,
80 F.3d 1366 (9th Cir. 1996) .............................................................................16, 22

**Statutes**

17 U.S.C. § 507(b) ...................................................................................................15

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES

### **INTRODUCTION**

Following the Court's May 13, 2025, Order granting in part SEGA's Rule 12(b)(6) motion to dismiss, all that remains in this case is Plaintiff's meritless claim for a declaration of co-ownership of the musical composition copyright in a song that is nearly 25 years old. The song, "Live and Learn," was composed and recorded in 2001 for use in the video game *Sonic Adventure 2*—part of Defendant SEGA's successful line of video games featuring the Sonic the Hedgehog character.

Plaintiff signed a contract with SEGA in 2001 to write the lyrics for "Live and Learn," was paid for his contribution, and does not claim to own any rights in those lyrics. Beginning in 2001, and for the next **two decades**, SEGA (i) openly used and licensed the "Live and Learn" song in the *Sonic Adventure 2* video game and on music CDs and LP records (including CDs Plaintiff indisputably knew about), (ii) never listed Plaintiff as an author of the "Live and Learn" musical composition in the credits of any of these video games, CDs, or LPs, (iii) never listed plaintiff as a copyright owner in the copyright notices on any of these video games, CDs, or LPs, and (iv) never paid Plaintiff any royalties from SEGA's use of the "Live and Learn" musical composition—use which, again, Plaintiff unquestionably knew about.

SEGA's actions (individually and collectively) constitute plain and express repudiation of any claim by Plaintiff to be a co-owner of the "Live and Learn" musical composition copyright. This repudiation—which first occurred in 2001—commenced the running of the three-year limitations period for any claim by Plaintiff to co-own the musical composition copyright. Since Plaintiff failed to assert his claim for co-ownership until December 5, 2024, when he filed this action, his claim is barred by the Copyright Act's statute of limitations.

As a result, SEGA is entitled to judgment as a matter of law on Plaintiff's claim for a declaration of co-ownership in the "Live and Learn" musical composition copyright, as well as his derivative claims for an accounting and unjust enrichment.

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES

# FACTUAL BACKGROUND

## I.    THE "LIVE AND LEARN" SONG AND THE *SONIC ADVENTURE 2* VIDEO GAME

Plaintiff and SEGA's predecessor-in-interest, SEGA of America Dreamcast, Inc., entered into a service agreement on February 1, 2001 (the "Service Agreement"), which provided that Plaintiff would write lyrics for the song "Live and Learn," to be included in SEGA's *Sonic Adventure 2* video game. (SEGA's Statement of Uncontroverted Facts ("SUF") 1-2, Docket Entry ("DE") 54-2; Declaration of Daisuke Ogawa ("Ogawa Decl.") ¶ 3, **Ex. A** at p. 6, DE 54-3).

The Service Agreement provides that "[a]ll materials conceived or developed by ARTIST [Plaintiff] hereunder, shall become the property of SEGA when prepared." (Ogawa Decl., **Ex. A** at p. 7 ¶ 4.1, DE 54-3). Accordingly, it is SEGA's position that SEGA is the sole owner of the "Live and Learn" musical composition copyright and Plaintiff owns no part of it. However, SEGA does not base its summary judgment motion on this language in the Service Agreement.

Plaintiff alleges in his First Amended Complaint that "as [he] began to work with Defendant, [his] role and services began to expand" beyond writing lyrics. (First Amended Complaint ("FAC") ¶ 23, DE 17). Specifically, Plaintiff alleges that Jun Senoue—a SEGA employee—created "demos of instrumental portions of the song" which he sent to Plaintiff "to listen to and review" and that Plaintiff allegedly "came up with a revised song structure and arrangement" for the song. (FAC ¶ 24-25). Thereafter, Plaintiff "performed [a] vocal performance" of the "Live and Learn" lyrics for the sound recording of the song. (SUF 3; *see also* FAC ¶ 27).[1]

---

[1] The Copyright Act distinguishes between the copyrights in a musical composition (*i.e.*, the music and lyrics of a song) and in a sound recording (*i.e.*, a particular recorded performance of the song). *Newton v. Diamond*, 204 F. Supp. 2d 1244, 1248-49 (C.D. Cal. 2002). Here, although Plaintiff provided vocals for the sound recording of "Live and Learn," the Court has already dismissed as untimely Plaintiff's claim to own the "Live and Learn" sound recording copyright. (DE 43 at p. 5).

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

In this action, Plaintiff concedes he "is not . . . claiming ownership" of the lyrics of "Live and Learn"—since SEGA unquestionably owns those under the terms of the Services Agreement. (SUF 4; DE 37 at p. 7). Thus, Plaintiff's remaining claim to co-own the musical composition copyright is limited to the music and arrangement of "Live and Learn." (SUF 5).

SEGA released the *Sonic Adventure 2* video game in the summer of 2001. (SUF 6; Ogawa Decl. ¶ 5). As Plaintiff himself has admitted, he was aware that the *Sonic Adventure 2* video game was released in 2001 and that "Live and Learn" was used in the game. (SUF 7; FAC ¶ 39). The credits for the "Music & Lyrics" for the *Sonic Adventure 2* game read: "Music & Lyrics: June Senoue, Fumie Kumatani, Kenichi Tokoi, [and] Tomoya Ohtani"—without any mention of Plaintiff. (SUF 8-9; Ogawa Decl., **Ex. C** at p. 35, DE 54-5). The copyright notice for the entire video game (including the songs used therein) reads: "© SEGA CORPORATION 2001," with no mention of Plaintiff. (SUF 10; Ogawa Decl., **Ex. C** at p. 18, DE 54-5).

## II.    THE 2001 *SONIC ADVENTURE 2 CUTS UNLEASHED* MUSIC CD AND THE PREMIUM PAYMENT AGREEMENT

Also in the summer of 2001, SEGA released a music CD titled *Sonic Adventure 2 Cuts Unleashed: SA2 Vocal Collection* ("*Cuts Unleashed*"). (SUF 11; Ogawa Decl. ¶ 7). The *Cuts Unleashed* CD featured eight songs from the *Sonic Adventure 2* game, including "Live and Learn." (SUF 12; Ogawa Decl. ¶ 7). The credits in the *Cuts Unleashed* CD for the "Music" and "Arrangement" of the "Live and Learn" song are given *solely* to SEGA employee Jun Senoue. (SUF 13; Ogawa Decl., **Ex. D**. at p. 47, DE 54-6). *Cuts Unleashed* does not credit Plaintiff as an author of either the music or arrangement for "Live and Learn"—it credits him only with providing "Words" and "Vocals" for the song. (SUF 14; Ogawa Decl., **Ex. D**. at p. 47, DE 54-6). The *Cuts Unleashed* CD bears a copyright notice which reads: "© SONICTEAM/SEGA, 2001" with no mention of Plaintiff. (SUF 15; Ogawa Decl., **Ex. D**. at p. 48, DE 54-6).

SEGA and Plaintiff entered into a "Premium Payment Agreement" dated June

1, 2001 (the "Premium Agreement"). (SUF 16; Ogawa Decl. ¶ 4, **Ex. B**, DE 54-4). In the Premium Agreement, Plaintiff acknowledges that "certain sound recordings of music composition were provided to SEGA as works for hire by the Artist [Plaintiff]"—including "Live and Learn." (SUF 17; Ogawa Decl., **Ex. B** at p. 12, DE 54-4). Moreover, the Premium Agreement states that "Live and Learn" is on the *Cuts Unleashed* CD. (SUF 18; Ogawa Decl. ¶ 8, **Ex. B** at p. 14 (Item 9), DE 54-4). It further states that SEGA granted a license to Nippon Columbia Co., Ltd. ("Nippon") to make the songs listed in the Premium Agreement (including "Live and Learn") available on Nippon's website for downloading. (SUF 19; Ogawa Decl., **Ex. B** at p. 12). The Premium Agreement goes on to state that "although SEGA has all right, title or interest to and from the Sound Recordings [including "Live and Learn"], SEGA is willing to pay [a] premium to [Plaintiff] for his contribution *to the Sound Recording*" of "Live and Learn" based on the number of times the song was downloaded from the Nippon website. (SUF 20; Ogawa Decl., **Ex. B** at p. 12, DE 54-4) (emphasis added). Tellingly, there is *no mention* of paying Plaintiff any royalty related to the "Live and Learn" *musical composition*. (SUF 21).

Accordingly, by the terms of the Premium Agreement Plaintiff signed, he was aware as of <u>June 2001</u> (i) of the existence of the *Cuts Unleashed* CD; and (ii) that "Live and Learn" was being used by SEGA on the *Cuts Unleashed* CD. (SUF 22).

## III. THE 2001 *SONIC ADVENTURE 2 ORIGINAL SOUNDTRACK* CD

In the fall of 2001, SEGA released another music CD related to the *Sonic Adventure 2* video game, this one titled the *Multi-Dimensional Sonic Adventure 2 Original Soundtrack* (the "*Original Soundtrack*"). (SUF 24; Ogawa Decl. ¶ 9). The *Original Soundtrack* included some of the same songs from the *Cuts Unleashed* CD, including "Live and Learn," as well as many non-vocal music tracks from the *Sonic Adventure 2* video game. (SUF 25; Ogawa Decl. ¶ 9).

On the *Original Soundtrack,* the credits for the "Music & Arrangement" of "Live and Learn" are given *solely* to Jun Senoue. (SUF 26; Ogawa Decl., **Ex. E** at p.

62, DE 54-7). The *Original Soundtrack* does not credit Plaintiff as an author of the music or arrangement for "Live and Learn"—it credits him only with providing "Words" and "Vocals." (SUF 27; Ogawa Decl., **Ex. E** at p. 62). The *Original Soundtrack* CD contains a copyright notice that reads: "©SONIC TEAM/SEGA 2001," with no mention of Plaintiff. (SUF 28; Ogawa Decl., **Ex. E** at pp. 51, 71).

## IV. THE 2011 20TH ANNIVERSARY EDITION OF THE *SONIC ADVENTURE 2* SOUNDTRACK

In the summer of 2011, as part of the 20th anniversary celebration of the creation of the Sonic the Hedgehog character, SEGA released a music CD titled *Sonic Adventure 2 Original Soundtrack: 20th Anniversary Edition* (the "*20th Anniversary Edition*"). (SUF 30; Ogawa Decl. ¶ 11). The *20th Anniversary Edition* included a re-release of some vocal songs from the *Sonic Adventure 2* video game, including "Live and Learn," as well as some non-vocal music tracks from the video game. (SUF 31; Ogawa Decl. ¶ 11). The *20th Anniversary Edition* CD credits only Jun Senoue with authorship of the "Music & Arrangement" of "Live and Learn" and credits Plaintiff with providing only the "Words" and "Vocals." (SUF 32-33; Ogawa Decl., **Ex. F** at p. 82, DE 54-8). The copyright notice for the *20th Anniversary Edition* reads: "© SEGA" with no mention of Plaintiff. (SUF 34; Ogawa Decl., **Ex. F** at pp. 74, 87).

Plaintiff was aware as of May 2011 of the *20th Anniversary Edition* CD and that "Live and Learn" was on the CD. (SUF 35). Specifically, in May 2011, Plaintiff provided SEGA with a quotation about the "Live and Learn" song to be used in the *20th Anniversary Edition* CD booklet—a quotation in which Plaintiff recounts a story involving Plaintiff meeting a young fan on an airplane who loved the "Live and Learn" song. (SUF 36-37; Ogawa Decl. ¶ 13, **Ex. G**, DE 54-9). This quotation from Plaintiff appears in the CD booklet for the *20th Anniversary Edition* CD. (SUF 37; Ogawa Decl. ¶ 13, **Ex. F** at p. 85, DE 54-8).

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

## V.    THE 2018 VINYL EDITION OF THE *SONIC ADVENTURE 2 SOUNDTRACK*

In early 2018, SEGA released the *Sonic Adventure 2 Official Soundtrack: Vinyl Edition* (the "*Vinyl Edition*"). (SUF 39; Ogawa Decl. ¶ 14). The *Vinyl Edition* is a vinyl re-release of some of the songs from the *Sonic Adventure 2* game*,* including "Live and Learn," as well as some non-vocal music tracks from the game. (SUF 40; Ogawa Decl. ¶ 14). Once again, only Jun Senoue is credited with the "Music & Arrangement" of "Live and Learn" and Plaintiff is credited only with providing "Words" and "Vocals." (SUF 41-42; Ogawa Decl., **Ex. H** at p. 119, DE 54-10). The copyright notice on the *Vinyl Edition* reads: "© 2017 SEGA" with no mention of Plaintiff. (SUF 43; Ogawa Decl., **Ex. H** at pp. 93, 120, DE 54-10).

Hereinafter, the *Sonic Adventure 2* video game, the *Cuts Unleashed* CD, the *Official Soundtrack* CD, the *20th Anniversary Edition* CD, and the *Vinyl Edition* LP are referred to collectively as the "Works."

## PROCEDURAL HISTORY

## I.    THE FAC AND SEGA'S MOTION TO DISMISS

Plaintiff commenced this action on December 5, 2024. (DE 1). He filed the FAC on February 7, 2025. (DE 17). The FAC asserted four counts: Count I for a declaratory judgment regarding ownership of the copyrights in the sound recording and musical composition of "Live and Learn" (FAC ¶¶ 51-54); Count II for breach of the Service Agreement and Premium Agreement (*Id.* ¶¶ 56-60); Count III  for an "accounting . . . of all profits and revenues generated by 'Live and Learn'" (*Id.* ¶¶ 62-65); and Count IV for unjust enrichment, which duplicates the accounting claim. (*Id.* ¶¶ 67-70). On April 7, 2025, SEGA moved to dismiss the FAC in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 30, the "Motion to Dismiss").

## II.    THE COURT'S ORDER ON SEGA'S MOTION TO DISMISS

In a May 13, 2025, Order, the Court granted in part and denied in part SEGA's Motion to Dismiss (DE 43, the "May 13 Order"), as discussed below.

*Copyright Ownership Claims (Count I)*. The Court dismissed with prejudice Plaintiff's claim of ownership of the "Live and Learn" sound recording copyright as untimely, since such claim had been repudiated by SEGA as early as 2001 via the Premium Agreement. (May 13 Order at p. 5). The Court declined, however, at the pleadings stage, to dismiss as untimely Plaintiff's claim of co-ownership of the "Live and Learn" musical composition copyright. (*Id*. at pp. 4-5). In so holding, the Court said it could not consider on the Motion to Dismiss certain documents that SEGA argued constituted a repudiation of Plaintiff's claim of co-ownership of the musical composition—namely, the credits and copyright notices on the *Sonic Adventure 2* video game and the *Cuts Unleashed* CD. The Court reasoned that "[t]he contents of the two sets of credit and copyright notices . . . are not referenced anywhere in the FAC" and thus were not incorporated by reference into the FAC. (*Id*. at pp. 3-4). However, the incorporation by reference doctrine does not apply to motions for summary judgment, and, thus, the court may consider these credits and copyright notices (as well as additional documentary evidence) on this motion for summary judgment. *See, e.g.*, *Hernandez v. Levy Premium FoodServ., LP*, 2014 WL 12561615, at *1-4, *12-14 (C.D. Cal. Apr. 29, 2014) (granting summary judgment to defendant on statute of limitations grounds based on evidence "outside the pleadings" that could not be initially considered on a motion to dismiss).

*Breach of Contract Claims (Count II)*. The Court dismissed with prejudice Plaintiff's claim for breach of the Service Agreement, holding it was preempted by the Copyright Act. (May 13 Order at p. 6).

The Court dismissed Plaintiff's claim for breach of the Premium Agreement because the claim is "virtually devoid of any factual allegations concerning Defendant's breach of the Nippon Agreement." (*Id*. at pp. 6-7). Although the Court allowed Plaintiff fourteen days to file a Second Amended Complaint to try to cure this defect, Plaintiff did not file a Second Amended Complaint. Thus, this claim is no longer part of this case.

*Accounting and Unjust Enrichment Claims (Count III and IV)*. As the Court noted in the May 13 Order, the accounting and unjust enrichment claims are "derivative claims" that depend entirely on the success of Plaintiff's claims to own or co-own the copyrights in "Live and Learn." (May 13 Order at pp. 3, 5). Because the Court dismissed with prejudice Plaintiff's claim of ownership of the sound recording copyright, the only remaining claims in Counts III and IV are Plaintiff's claims for an accounting and unjust enrichment arising out of his alleged co-ownership of the musical composition copyright.

In sum, the only remaining claims in the FAC are (1) Plaintiff's claim for a declaration of co-ownership of the music and arrangement portion (but not the lyrics) of the "Live and Learn" musical composition copyright and (2) his derivative claims for an accounting and unjust enrichment based on that alleged co-ownership.[2]

As shown below, there is no genuine dispute of material fact that Plaintiff's remaining co-ownership claim is untimely. Accordingly, SEGA is entitled to summary judgment on all of Plaintiff's remaining claims.

## **ARGUMENT**

## I.    **LEGAL STANDARD**

The purpose of summary judgment is to isolate and dispose of legally untenable or factually unsupportable claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). To obtain summary judgment, a moving party need only show "an absence of evidence to support the non-moving party's case." *Id.* at 325. The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact that requires a trial. *Id.* at 322. The non-moving party cannot rest upon the allegations in its complaint or on unsupported assertions. Instead, the non-moving party must produce *specific* and *material* evidence capable of

---

[2] Plaintiff's remaining claims are equitable in nature and thus not triable to a jury. Accordingly, following the Court's May 13 Order, Plaintiff withdrew his jury demand. (*See* DE 51-53).

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES

"affect[ing] the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In other words, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* (emphases in original). If, considering the record as a whole, the Court deems that no reasonable fact finder could find in favor of the non-moving party, the Court must grant the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II. PLAINTIFF'S REMAINING CLAIM FOR DECLARATORY RELIEF (COUNT I) IS BARRED BY THE COPYRIGHT ACT'S THREE-YEAR STATUTE OF LIMITATIONS

Plaintiff's sole remaining ownership claim is for a declaration that he is a co-owner of a portion of the "Live and Learn" musical composition copyright. Although Plaintiff does not spell out how he supposedly came to be a co-owner of the musical composition copyright, he suggests it is because he allegedly "came up with a revised song structure and arrangement" for the song. (FAC ¶ 25). However, based on the undisputed facts, Plaintiff's extensive delay in asserting this claim is fatal. To be clear, SEGA disputes that Plaintiff is a co-owner of the musical composition copyright as a matter of fact and law. However, that simply does not matter for purposes of this motion—since the time for Plaintiff to have asserted any co-ownership claim was more than 20 years ago. Accordingly, summary judgment is appropriate.

### A. Plaintiff's Co-Ownership Claim Is Subject To A Three-Year Statute Of Limitations

Under the Copyright Act, the statute of limitations is three years from when the claim "accrued." 17 U.S.C. § 507(b). "[C]laims of co-ownership, as distinct from claims of infringement, accrue only once, when plain and express repudiation of co-ownership is communicated to the claimant and are barred three years from the time of repudiation." *Seven Arts Filmed Ent. Ltd. v. Content Media Corp.*, 733 F.3d 1251,

1254 (9th Cir. 2013). In other words, a claim for co-ownership "is barred three years from plain and express repudiation of authorship." *Aalmuhammed v. Lee*, 202 F.3d 1227, 1231 (9th Cir. 2000).

In explaining the rationale for this rule, the Ninth Circuit stated:

> It is inequitable to allow the putative co-owner to lie in the weeds for years after his claim has been repudiated, while large amounts of money are spent developing a market for the copyrighted material, and then pounce on the prize after it has been brought in by another's effort.

*Zuill v. Shanahan*, 80 F.3d 1366, 1370-71 (9th Cir. 1996).

Because Plaintiff originally filed this action on December 5, 2024, if repudiation occurred before December 5, 2021, then Plaintiff's co-ownership claim is barred by the statute of limitations. As shown below, the undisputed facts show that is clearly the case.

## B. Plaintiff's Co-Ownership Claim Was Expressly Repudiated More Than Three Years Before the Filing of This Lawsuit

"Plain and express repudiation" can be shown in several ways, and "[t]here is no set formula for what constitutes repudiation." *Crabtree v. Kirkman*, 2023 WL 8113797, at *7 (C.D. Cal. Nov. 22, 2023). Repudiation can occur when the purported co-owner is listed in credits with a different role than he now alleges he played in creating the at-issue work. *See, e.g.*, *Aalmuhammed*, 202 F.3d at 1231 ("The movie credits plainly and expressly repudiated authorship, by listing [plaintiff] far below the more prominent names, as an 'Islamic technical consultant.'"); *Ford v. Ray*, 130 F. Supp. 3d 1358, 1361 (W.D. Wash. 2015) (repudiation occurred when album was "released to the public, [but] did not acknowledge plaintiff as an author and credited him only with lesser contributions."); *Silva v. Sunich*, 2006 WL 6116645, at *7 (C.D. Cal. Sept. 6, 2006) ("The failure to denote authorship within the credits of a [work] is a form of express repudiation").

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES

Repudiation can also be communicated by not including the alleged co-owner in the copyright notice on the at-issue work. *See, e.g.*, *Straughter v. Concord Music*, 2020 WL 6821313 at *4-5 (C.D. Cal. Oct. 13, 2020) (claim of co-ownership repudiated via copyright notice on at-issue albums that did not list plaintiff); *Mahan v. Roc Nation, LLC*, 634 F. App'x 329, 331 (2d Cir. 2016) (repudiation occurred where the at-issue albums "bear a copyright notice that lists [defendant] as the sole copyright owner."); *Ortiz v. Guitian Bros. Music Inc.*, 2008 WL 4449314, at *3-4 (S.D.N.Y. Sept. 29, 2008) (defendants repudiated alleged co-ownership when they "expressly asserted that they, and not [plaintiff], were the sole owners of the copyright in the entire Motion Picture, including the music contained therein, by copyright notice"); *Rico Recs. Distribs., Inc. v. Ithier*, 2005 WL 2174006, at *2 (S.D.N.Y. Sept. 8, 2005) (the "copyright notices on the covers of each of the [works] identify [defendants] as the copyright holders, and thereby create sufficient notice to begin the running of the statute of limitations").

Repudiation can also occur when the plaintiff is aware that his alleged co-owner is exploiting the at-issue work, but the plaintiff has not received royalties from such exploitation. *See, e.g.*, *Silva*, 2006 WL 6116645, at *6 (plaintiff's co-ownership claim accrued the moment he first knew of t-shirts being sold by defendant bearing the at-issue image, for which he was receiving no royalties); *Santa-Rosa v. Combo Recs.*, 471 F.3d 224, 228 (1st Cir. 2006) ("[W]e cannot think of a more plain and express repudiation of co-ownership than the fact that [defendant] openly, and quite notoriously, sold [the at-issue work] without providing payment to [plaintiff]"); *Ortiz*, 2008 WL 49314, at *3-4 ("[T]he defendants' open distribution and exploitation of [the at-issue work] without paying any royalties to [plaintiff] should have put [plaintiff] on notice that defendants rejected his claim to copyright in the [work].").

Here, as shown below, ***multiple, undisputed*** facts demonstrate a plain and express repudiation by SEGA long before December 5, 2021.

1. *SEGA Repudiated Plaintiff's Alleged Co-Ownership By Failing to Credit Him As An Author or Copyright Owner of the Music and Arrangement for "Live and Learn"*

SEGA openly repudiated Plaintiff's alleged co-ownership by repeatedly failing to credit Plaintiff as an author of the music or arrangement for "Live and Learn" and repeatedly failing to include Plaintiff in the copyright notice on the Works. As stated above, Courts have found repudiation where (i) the defendant does not credit plaintiff as an author and, instead, credits him with a different role than he alleges he played in the creation of the work, and/or (ii) the defendant does not include the alleged co-owner in the copyright notice on the work. *See supra* pp. 16-17. Here, it is **undisputed** that *both* of these things *repeatedly* occurred over the course of two decades.

In the credits for *each* of the Works, SEGA credited only Jun Senoue—a SEGA employee—with authorship of the "Music" and/or "Music and Arrangement" for "Live and Learn." (*See supra* pp. 9-12; SUF 8, 13, 26, 32, 41). <u>Not once</u> in more than two decades did SEGA credit Plaintiff with having authored either the "Music" or "Arrangement" of "Live and Learn." Instead, SEGA repeatedly credited Plaintiff only with providing "Words" (which Plaintiff does not claim to own) and "Vocals" (which are not part of the musical composition copyright). (*See supra* pp. 9-12; SUF 14, 27, 33, 42). Moreover, *none* of the Works list Plaintiff in the copyright notice printed on the Works. Rather, each Work bears a copyright notice identifying SEGA as the <u>*sole*</u> copyright owner. (*See supra* pp. 9-12; SUF 10, 15, 28, 34, 43). By doing so, for more than two decades, SEGA publicly claimed sole ownership of the musical composition copyright and, thus, plainly and expressly repudiated Plaintiff's claim to the contrary.

Plaintiff cannot stave off summary judgment by arguing that he did not know—or that he could not have known—of SEGA's failure to credit him as an author of the musical composition and/or of SEGA's failure to list him in the copyright notices. As a matter of undisputed fact, long before December 2021 Plaintiff knew of the existence of the *Sonic Adventure 2* video game (released in 2001), the *Cuts Unleashed*

-18-

CD (released in 2001), and the *20th Anniversary Edition* CD (released in 2011) and the inclusion of "Live and Learn" in each of these Works. Specifically, Plaintiff himself alleges he was aware the *Sonic Adventure 2* video game was released in 2001 and that "Live and Learn" was used in the game. (SUF 7; FAC ¶ 39; Answer ¶ 39). Plaintiff was also aware as early as June 2001 of SEGA's release of the *Cuts Unleashed* CD and its inclusion of "Live and Learn"—since he signed the Premium Agreement which explicitly identifies the *Cuts Unleashed* CD and states that "Live and Learn" is on it. (SUF 18; Ogawa Decl., **Ex. B** at p. 14 (Item 9), DE 54-4). Finally, Plaintiff unquestionably knew in 2011 of the *20th Anniversary Edition* CD and that "Live and Learn" was on it, since he provided SEGA with a quotation regarding the "Live and Learn" song for use in the CD booklet. (SUF 35-37; Ogawa Decl. ¶ 13, **Ex. G** (DE 54-9), **Ex. F** at p. 85 (DE 54-8)).

Plaintiff's undisputed, actual knowledge of these Works—each of which contains clear and express repudiations—is sufficient to start the statute of limitations. *See, e.g.*, *Straughter*, 2020 WL 6821313, at *4-5 (repudiation occurred via albums plaintiff knew existed that contained a copyright notice listing defendant as sole copyright owner regardless of whether plaintiffs actually "noticed" or "understood" the copyright symbol/notice).

But in any event, as a matter of law, Plaintiff's actual knowledge of the Works and their express repudiations is not required; it is enough that SEGA's use of "Live and Learn" and its assertions of sole ownership of the musical composition were open and available for anyone to see. *Aalmuhammed*, 202 F.3d at 1231; *Straughter*, 2020 WL 6821313, at *5 n.5 (the "copyright notice attributing ownership to [defendant], *without a direct communication to [plaintiffs]*, is sufficient to constitute the plain and express repudiation of [p]laintiffs' ownership interest") (citing *Aalmuhammed*, 202 F.3d at 1231)) (emphasis added); *Ortiz*, 2008 WL 4449314, at *3 ("Public distribution of the work at issue bearing copyright notices in the name of the defendant(s) . . . has been held to create sufficient notice to begin the running of the statute of limitations").

-19-

That is the case here. SEGA's use of "Live and Learn" on each of the Works was public, SEGA clearly and openly displayed the copyright notice listing itself as the sole copyright owner on both the inside and outside of each of the Works, and SEGA clearly and openly displayed the credits for the "Live and Learn" musical composition copyright in the booklets accompanying the Works. (*Supra* pp. 9-12).

Moreover, the business relationship between SEGA and Plaintiff and the music industry experience of Plaintiff are additional factors that reinforce the conclusion that an express repudiation was long ago made by SEGA. *See, e.g.*, *White v. Warner-Tamerlane Publ'g Corp.*, 2017 WL 4685542, at *3 (C.D. Cal. May 22, 2017) ("There is no indication . . . that Plaintiffs . . . could not have discovered the contested ownership rights until recently, especially given the popularity of the track . . . [and that] Plaintiffs were associates of Defendants [and] entered into agreements with Defendants"); *Mahan*, 634 F. App'x at 329 (sales of copies of the album in question containing a copyright notice listing defendant as the sole copyright owner coupled with plaintiff's experience in the recording industry "constitute clear 'express repudiation' of [plaintiff's] alleged co-ownership").

Here, SEGA and Plaintiff indisputably had a business relationship—including the signing of the Premium Agreement which expressly mentions the *Cuts Unleashed* CD and its inclusion of "Live and Learn." (*Supra* pp. 9-10). And Plaintiff himself alleges that he is an experienced musician, (FAC ¶¶ 10, 43-44), who *knew* of SEGA's use of "Live and Learn" on a video game and various music CDs released long before December 5, 2021. (*See supra* pp. 9-11).

### 2. SEGA Repudiated Plaintiff's Alleged Co-Ownership By Openly Exploiting "Live and Learn" and Never Paying Plaintiff Royalties for Exploitation of the Musical Composition

Not only is SEGA's publication of the credits that do not mention Plaintiff as an author or copyright owner enough to constitute repudiation, but also Plaintiff admits that SEGA has *never* paid Plaintiff *any* royalties, license fees, share of profits,

-20-

or other kind of income from exploitation of the "Live and Learn" musical composition copyright (SUF 45; FAC ¶¶ 64, 67; Answer ¶ 64)—which, again, Plaintiff has *known* SEGA was exploiting since at least June 2001. Such failure to pay royalties constitutes an additional ground for finding repudiation.

As stated above, it is well-established that repudiation can occur when plaintiff is aware that a defendant is exploiting the at-issue work without paying royalties to plaintiff. *See, e.g.*, *Seven Arts*, 733 F.3d at 1257; *Silva*, 2006 WL 6116645, at *6; *Santa Rosa*, 471 F.3d at 228. This rule applies with added force where, as here, the plaintiff is experienced in the music industry. *See, e.g.*, *Mahan v. Roc Nation, LLC*, 114 U.S.P.Q.2d 1443, 1446 (S.D.N.Y. 2015) (plaintiff's assertion that "a reasonable person would not necessarily have reason to know that royalties were owed to him" "strains credulity" given the "depth of Plaintiff's experience in the music industry"), *aff'd*, 634 F. App'x 329.

Plaintiff himself alleges that he has *never* received any royalties from SEGA for SEGA's exploitation of the "Live and Learn" musical composition copyright. (FAC ¶¶ 64, 67; SUF 45). Moreover, it cannot be disputed that Plaintiff was aware as early as <u>June 2001</u> (i) of the existence of the *Cuts Unleashed* CD (which is listed in the Premium Agreement he signed); (ii) that "Live and Learn" was on the *Cuts Unleashed* CD; and (iii) that SEGA was not paying Plaintiff any royalties for SEGA's exploitation of the musical composition for the "Live and Learn" song on the *Cuts Unleashed* CD. (*See supra* pp. 9-10; SUF 22-23). Plaintiff was also aware as of <u>2011</u> of the existence of the *20th Anniversary Edition* CD and its inclusion of "Live and Learn" (since he provided a quotation related to the song for use in the CD booklet), and that SEGA was not paying Plaintiff any royalties for SEGA's exploitation of the musical composition for the "Live and Learn" song on the *20th Anniversary Edition* CD. (*See supra* p. 11; SUF 35-38). These indisputable facts are enough in and of themselves to constitute plain and express repudiation of Plaintiff's co-ownership claim. *Silva*, 2006 WL 6116645, at *6.

*    *    *

In the end, and with all of the above undisputed evidence taken together, there can be no genuine issue of material fact that SEGA plainly and expressly repudiated Plaintiff's co-ownership claim in the "Live and Learn" musical composition copyright long before December 5, 2021, and, thus, the claim is barred by the statute of limitations.

## III.   BECAUSE PLAINTIFF'S CO-OWNERSHIP CLAIM IS BARRED, HIS DERIVATIVE CLAIMS FOR AN ACCOUNTING AND UNJUST ENRICHMENT ARE BARRED

As this Court acknowledged in its May 13 Order, Plaintiff's remaining claims for an accounting and unjust enrichment are "derivative" of his claim for co-ownership of the musical composition. (May 13 Order at pp. 3, 5).

Since Plaintiff's claim of co-ownership fails as untimely, his demand for an accounting also necessarily fails. *Zuill*, 80 F.3d at 1369 ("The remedy [plaintiffs] seek is a declaration of co-ownership, and none of the subsidiary remedies, for an accounting and so forth, are independent of that remedy"); *Aalmuhammed*, 202 F.3d at 1235 (where declaratory judgment co-ownership claim was dismissed, claim for an "accounting resting on co-authorship" was also necessarily dismissed).

The same is true of Plaintiff's unjust enrichment claim, since it is duplicative of his accounting claim. (*Compare* FAC ¶ 64 and ¶ 67). In fact, Plaintiff asserts as part of his unjust enrichment claim that "Plaintiff is entitled to an accounting and share of profits generated." (*Id.* ¶ 68). As the unjust enrichment claim duplicates the accounting claim and both are derivative of Plaintiff's untimely claim for co-ownership of the "Live and Learn" musical composition copyright, his unjust enrichment claim also fails as a matter of law.

Not only is Plaintiff's unjust enrichment claim duplicative of the accounting claim (and, thus, time-barred), but also it is separately preempted by the Copyright Act. "A state-law cause of action for unjust enrichment . . . should generally be

-22-

1  regarded as an equivalent right and, hence, preempted insofar as it applies to copyright

2  subject matter." *Best Carpet Values, Inc. v. Google, LLC*, 90 F.4th 962, 973 (9th Cir.

3  2024).

4  <u>**CONCLUSION**</u>

5      For the foregoing reasons, SEGA's Motion for Summary Judgment should be

6  granted.

7

8  DATED: July 18, 2025                    **CRUSER, MITCHELL, NOVITZ,**

9                                          **SANCHEZ, GASTON & ZIMET LLP**

10

11                                         By: */s/ Kevin R. Lussier*

12                                         Kevin R. Lussier
                                           Suhail Rajakumar

13

14                                         Jason D. Jones (pro hac vice)
                                           Richard Z. Lehv (pro hac vice)

15                                         Courtney B. Shier (pro hac vice)

16                                         **FROSS ZELNICK LEHRMAN &**
                                           **ZISSU, P.C.**

17

18                                         Attorneys for Defendant
                                           SEGA CORPORATION

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES

1

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant, SEGA CORPORATION, certifies that this brief contains 5,587 words, which complies with the word limit set by court order dated February 5, 2025.

DATED: July 18, 2025

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET LLP**

By: */s/ Kevin R. Lussier*
Kevin R. Lussier
Suhail Rajakumar

Jason D. Jones (pro hac vice)
Richard Z. Lehv (pro hac vice)
Courtney B. Shier (pro hac vice)
**FROSS ZELNICK LEHRMAN & ZISSU, P.C.**

Attorneys for Defendant
SEGA CORPORATION

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES