1  RYAN W. POWERS (California State Bar No. 291784)
2  5807 Fayette Street
   Los Angeles, California 90042
3  Telephone: (323) 487-0383
   Fax: (323) 487-0384
4  Email: ryan@ryanpowerslaw.com
5
6  Attorney for Plaintiff
   JOHN GIOELI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN GIOELI**<br><br>Plaintiff,<br><br>vs.<br><br>**SEGA CORPORATION**<br><br>Defendant. | **Case No:** 2:25-cv-00732 RGK (MAAx)<br><br>**PLAINTIFF's NOTICE OF MOTION AND MOTION TO EXTEND TIME TO RESPOND TO MOTION FOR SUMMARY JUDGMENT UNDER RULE 56(D)**<br><br>Date: September 8, 2025<br>Time: 9:00 am<br>Courtroom: 850, 8th Floor<br>Judge: Hon. R. Gary Klausner |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 8, 2025 at 9 AM, or as soon thereafter as the matter may be heard, in Courtroom 850, 8th floor of the Edward R. Roybal Federal Building at 255 East Temple Street, Los Angeles, CA, 90012, the Honorable Gary Klausner presiding, Plaintiff Johnny Gioeli, by and through the undersigned counsel, Ryan Powers, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, and hereby respectfully moves this Court for an order to defer consideration of Defendant SEGA's Motion for Summary Judgment and to allow Plaintiff additional time to conduct discovery essential to justify his opposition. USCS Fed Rules Civ Proc R 56.

This motion is made on the grounds that SEGA Corporation ("SEGA") has filed a motion for summary judgment prior to Plaintiff's ability to conduct discovery and obtain documents necessary to present facts essential to its opposition of SEGA's motion for summary judgment, and is based on this Notice, the attached motion, and the Declaration of Ryan W. Powers, the files and records in this Action, any reply Plaintiff may file, arguments of counsel, and any other information the Court may considered.

This Motion is made following the conference of counsel requesting a stipulated order on August 7, 2025, and Defendant had declined to stipulate to any extension to respond to the pending motion for summary judgment.

2

```
 1
 2                                                    RYAN W. POWERS, ESQ.
 3   DATED: August 7, 2025
 4                                              By   /Ryan W. Powers/
 5                                                   Ryan W. Powers
 6                                                   RYAN W. POWERS ESQ
 7                                                   Ryan W. Powers (SBN 291784)
                                                     5807 Fayette Street
 8                                                   Los Angeles, CA 90042
                                                     Telephone: (323) 487-0383
 9                                                   Email: ryan@ryanpowerslaw.com
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24                                          3
25
```

# ARGUMENT

Defendant SEGA CORPORATION ("SEGA") has filed a Motion for Summary Judgment before Plaintiff has had an adequate opportunity to conduct discovery essential to oppose the motion. In fact, the motion was filed prior to any substantive discovery in the case.

Plaintiff requires additional time to obtain documents and information related to 1) the distribution and publication of the alleged compact discs, vinyl records, and other alleged statements of repudiation 2) chain of title and ownership of the musical composition "Live and Learn" as SEGA has failed to establish that SEGA's chain of title from the alleged named authors June Senoue, Fumie Kumatani, Kenichi Tokoi, and Tomoya Ohtani, and/or from SEGA of America Dreamcast, Inc.

SEGA has asserted in its motion for summary judgment that they have shown clear repudiation of the Plaintiff's ownership and authorship in "Live and Learn," yet SEGA has not provided a chain of title or employment documents that SEGA is the author and owner of the copyright, as SEGA is not listed as a writer in any of the alleged repudiation.

Further, additional discovery is needed to determine the legitimacy, distribution, and publication of the supposed repudiation of ownership as we do not know whether the Compact Discs or Vinyl was widely distributed or ever distributed in the United States or otherwise in a manner that could constitute a clear repudiation to the Plaintiff.

4

1   This information is in the possession, custody, or control of Defendant SEGA and/or third parties, and is not otherwise accessible to Plaintiff.

Pursuant to Rule 56(d), when a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. USCS Fed Rules Civ Proc R 56.

The discovery sought is directly relevant to the issues raised in Defendant's Motion for Summary Judgment and is essential to Plaintiff's ability to properly respond to the motion.

Specifically, Plaintiff needs to conduct discovery regarding:

1. Documents establishing the chain of title for the musical composition "Live and Learn";
2. Agreements related to the ownership rights of the composition;
3. Assignment documents, if any, transferring rights to the composition; and
4. Other documents relevant to determining the true ownership of the composition.
5. Documents related to the distribution and publication of any supposed repudiation, including the distribution and exploitation of the compact disc and any other media listing the writers of the composition.

This discovery is necessary and appropriate under the Federal Rules of Civil Procedure, which establish the framework for discovery in civil cases. USCS Fed Rules Civ Proc R 26.

Plaintiff has been diligent in pursuing discovery but requires additional time to complete the necessary investigation of facts essential to opposing Defendant's motion.

Granting this motion will not unduly prejudice Defendant, as the requested discovery is targeted and limited in scope to information directly relevant to the issues raised in Defendant's Motion for Summary Judgment.

**THIS MOTION SHOULD BE CONSIDERED IN SPITE OF ITS FILING DATE UNDER THE EXCUSABLE NEGLECT STANDARD**

"This rule ... '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.' " *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir.2010)

Courts have recognized that the excusable neglect standard in Rule 6(b) extends to inadvertent delays. *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership (Pioneer)*, 507 U.S. 380, 391, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). To determine whether a party's failure to meet a deadline constitutes "excusable neglect", the Court considers four factors: 1) the danger of prejudice to the opposing party; 2) the length of the delay and its potential impact on the proceedings; 3) the reason for the delay, including whether it was in the reasonable control of the movant; and 4) whether the movant acted in good faith. *Id*.

Here, four factors support the consideration of this opposition in that the opposition is being filed late due to counsel's sudden and unexpected unavailability due to death in his family and attendance at a funeral out of state. Plaintiff's counsel

was a pall bearer for the funeral and due to the need for travel was unable to file this motion at an earlier date. Immediately upon return to the office on August 6, 2025, counsel requested a stipulation from defendant's counsel but the Defendant declined to stipulate to any extension. If granted, this shall have no impact on the scheduling of the proceedings or prejudice to the Defendant as additional discovery is necessary to address the core issues of the motion for summary judgment.

As such, the Plaintiff requests that this motion be considered in spite of its filing date in connection with the pending motion for summary judgment pursuant to the excusable neglect doctrine.

WHEREFORE, Plaintiff Johnny Gioeli respectfully requests that this Court:

1. Defer consideration of Defendant SEGA's Motion for Summary Judgment pursuant to Rule 56(d);

2. Grant Plaintiff additional time to conduct discovery related to the chain of title and ownership of the musical composition "Live and Learn"; and

3. Grant such other and further relief as this Court deems just and

DATED: August 7, 2025                    **RYAN W. POWERS, ESQ.**

By  /Ryan W. Powers/

Ryan W. Powers

**RYAN W. POWERS ESQ**
Ryan W. Powers (SBN 291784)
5807 Fayette Street

7

Los Angeles, CA 90042
Telephone: (323) 487-0383
Email: ryan@ryanpowerslaw.com

# **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Plaintiff, Johnny Gioeli, certifies that this brief contains 818 words, which complies with the word limit set by court standing order dated May 2023.

DATED: August 7, 2025                     **RYAN W. POWERS, ESQ.**

                                    By   /Ryan W. Powers/

                                         Ryan W. Powers

                                         **RYAN W. POWERS ESQ**
                                         Ryan W. Powers (SBN 291784)
                                         5807 Fayette Street
                                         Los Angeles, CA 90042
                                         Telephone:  (323) 487-0383
                                         Email: ryan@ryanpowerslaw.com