**CRUSER, MITCHELL, NOVITZ,**
**SANCHEZ, GASTON & ZIMET LLP**
Kevin R. Lussier (SBN 143821)
klussier@cmlawfirm.com
Suhail Rajakumar (SBN 327595)
srajakumar@cmlawfirm.com
800 Wilshire Boulevard, 15th Floor
Los Angeles, CA 90017
213-689-8500 (phone)
213-689-8501 (fax)

**FROSS ZELNICK LEHRMAN & ZISSU, P.C.**
Jason D. Jones (pro hac vice)
jjones@fzlz.com
Richard Z. Lehv (pro hac vice)
rlehv@fzlz.com
Courtney B. Shier (pro hac vice)
cshier@fzlz.com
151 W. 42nd Street, 17th Floor
New York, NY 10036
Tel: (212) 813-5900
Fax: (212) 813-5901

Attorneys for Defendant
SEGA CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GIOELI,<br><br>    Plaintiff,<br><br>  v.<br><br>SEGA CORPORATION,<br><br>    Defendant | Case No. 2:25-cv-00732 RGK (MAAx)<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d)** |

1

# **TABLE OF CONTENTS**

2  FACTUAL BACKGROUND........................................................................5

3  ARGUMENT............................................................................................8

4       I.       LEGAL STANDARDS.................................................................8

5                A.      Excusable Neglect .............................................................8

6                B.      Rule 56(d) .........................................................................9

7       II.      Plaintiff has failed to meet his burden of demonstrating that
8                his delay was the result of EXCUSABLE Neglect............................10

9                A.      The Third Factor Overwhelmingly Weighs Against
10                        Excusable Neglect .....................................................10

11               B.      The Fourth Factor Weighs Against Excusable Neglect ...........13

12               C.      The First and Second Factors ........................................13

13      III.     Plaintiff has failed to MEET the requirements of rule 56(d)
14               and the discovery requested is irrelevant to SEGA's motion
                 for summary judgment ...........................................................14

15               A.      Plaintiff's Proposed Discovery Is Irrelevant to SEGA's
16                        Summary Judgment Motion .......................................15

17               B.      Plaintiff Has Blatantly Flouted the Requirements of
18                        Rule 56(d) ...................................................................18

19  CONCLUSION.......................................................................................20

20

21

22

23

24

25

26

27

28

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME TO
RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 56(d)

# TABLE OF AUTHORITIES

## Cases

*Active Glass Corp. v. Architectural & Ornamental Iron Workers Local Union 580*, 899 F. Supp. 1228, 1231 (S.D.N.Y. 1995) ........................................................... 11, 12

*Amavizca v. Nutra M.g, LLC*, 20-CV-1324 (RGK)(MAA), 2021 WL 945242, at *4 (C.D. Cal. Mar. 9, 2021) (Klausner, J.) .............................................................. 19, 20

*Anderson v. Hughes Helicopters, Inc.*, 865 F.2d 263, 1988 WL 142807, at *8 (9th Cir. Dec. 28, 1988) (unpublished) ..................................................................... 10, 12

*Axelrod v. Zeltiq Aesthetics, Inc.*, 25-CV-1431 (RGK)(MAA), 2025 WL 1812465, at *1 (C.D. Cal. June 30, 2025 (Klausner, J.) ...................................... 9, 10, 11, 12, 13

*Beckles v. City of New York*, 08-CV-3867 (RJH)(JCF), 2010 WL 1841714, at *3 (S.D.N.Y. May 10, 2010) ........................................................................................ 12

*Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988) ......................................... 9

*Crowder v. Asuncion*, 18-CV-3086 (R)(JC), 2019 WL 12661082, at *2 (C.D. Cal. Aug. 23, 2019) (Klausner, J.) ...................................................................................... 9

*Delacruz v. Stern*, 166 F.3d 1200, 1998 WL 852577, at *2 (2d Cir. Dec. 8, 1998) . 12

*Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) .............................................................................................. 9, 15, 19

*Galfayan v. State Farm Gen. Ins. Co.*, 23-CV-1991 (RGK)(SK), 2024 WL 5317267, at *2 (C.D. Cal. Apr. 23, 2024) (Klausner, J.) ...................................................... 10, 13

*Hilterman v. Furlong*, 161 F.3d 17, 1998 WL 637264, at *3 (10th Cir. Sept. 11, 1998) ...................................................................................................................... 11

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME TO
RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 56(d)

*Hoy v. Yamhill Cnty.*, 13-CV-1098 (HZ), 2015 WL 5664262, at *4 (D. Or. Sept. 21, 2015) ........................................................................................................... 11, 13

*In re Edwards Theatres Cir., Inc.*, 70 F. App'x 950, 951 (9th Cir. 2003) ..8, 9, 10, 13

*Long v. Carberry*, 151 F.R.D. 240, 243 (S.D.N.Y. 1993) ......................................... 12

*McClendon v. Bresler*, 20-CV-7758 (RGK)(GJS), 2021 WL 3017511, at *3 (C.D. Cal. Apr. 20, 2021) (Klausner, J.) ............................................................... 9, 19, 20

*Meyer v. Qualex, Inc.*, 426 F. Supp. 2d 344, 345-46 (E.D.N.C. 2006) .............. 11, 13

*Mkrtchyan v. Sacramento Cnty.*, 17-CV-2366 (DAD)(KJN), 2023 WL 6961889, at *4 (E.D. Cal. Oct. 20, 2023) ................................................................................. 19

*Molina v. Potter*, 10-CV-0454 (JLS)(BGS), 2011 WL 1261547, at *1 (S.D. Cal. Apr. 5, 2011) .................................................................................... 9, 11, 13, 14

*Ohno v. Yasuma*, 723 F. 3d 984, 1013 n.29 (9th Cir. 2013) ...................................... 19

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993) 9

*Sec. & Exch. Comm'n v. Stein*, 906 F.3d 823, 833 (9th Cir. 2018) ........................... 10

*Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) ....................... 9, 16, 20

*Tatum v. City & Cnty. of San Francisco*, 41 F.3d 1090, 1100 (9th Cir. 2006) ......... 20

*Weinberg v. Dirty World, LLC*, 16-CV-9179 (GW)(PJWx), 2017 WL 5665023, at *4 (C.D. Cal. July 27, 2017) ................................................................................... 17

**Statutes**

Fed. R. Civ. P. 56(d) ............................................................................................ 8, 16

Fed. R. Civ. P. 6(b)(1)(B) ........................................................................................ 8

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d)

Defendant, SEGA Corporation ("SEGA"), submits this opposition to Plaintiff's Motion to Extend Time to Respond to Motion for Summary Judgment Under Rule 56(d) (Docket Entry ("DE") 57, "Motion to Extend"). Although Plaintiff says he is seeking "to extend time," he is first asking – without sufficient excuse – that the Court *reopen* a deadline that Plaintiff's counsel allowed to lapse. The need to reopen the deadline was caused by Plaintiff's failure to respond to SEGA's Motion for Summary Judgment (DE 54, "Summary Judgment Motion") or make a timely request for an extension. Plaintiff's failure to respond to the Summary Judgment Motion is the *fourth time* Plaintiff has failed to comply with the deadlines in this action.  Plaintiff has not shown that the latest failure to respond was the result of "excusable neglect." Therefore, the Court need not even reach Plaintiff's request to defer ruling on the Summary Judgment Motion to allow Plaintiff to conduct discovery under Rule 56(d). Moreover, the Rule 56(d) request is meritless. Plaintiff fails to propose any discovery even remotely *relevant,* let alone *"essential"* to oppose the Summary Judgment Motion and flouts the requirements of Rule 56(d). Therefore, the Motion to Extend should be denied in its entirety.

## **FACTUAL BACKGROUND**

Plaintiff's multiple failures to comply with deadlines are:

*First*, Plaintiff failed to file a timely opposition to SEGA's Rule 12(b)(6) motion (DE 30, "Motion to Dismiss"). Only after SEGA notified the Court that Plaintiff had failed to file an opposition (DE 34) did Plaintiff file an opposition. Plaintiff's counsel's excuse was that he made a "calendaring error." (*See* DE 37 at p. 16). This resulted in the Court warning Plaintiff that "future late filings may have consequences." (DE 43 at p. 2 n. 1).

*Second*, Plaintiff's counsel failed to appear at the May 12, 2025, Initial Scheduling Conference (DE 42), which meant that SEGA's counsel wasted a morning attending the first and second calendar calls. As a result, the Court ordered Plaintiff to show cause why his First Amended Complaint should not be stricken for

Plaintiff's counsel's failure to appear. (DE 47). Plaintiff's counsel's excuse that time was that he mistakenly took the conference off his calendar. (DE 44 ¶ 4).

*Third*, the parties' Initial Disclosures were due no later than May 5, 2025, and SEGA served its Initial Disclosures on time on May 5. (Declaration of Richard Lehv in Support of SEGA's Opposition to Plaintiff's Motion to Extend (DE 59-1, "Lehv Decl.") ¶¶ 3-4). But Plaintiff, without any explanation or request for an extension, served his Initial Disclosures late—on May 6. (*Id.* ¶¶ 5-6).

*Now*, despite repeated failures and a pointed warning from the Court, Plaintiff has failed to file any response to the Summary Judgment Motion. The Summary Judgment Motion was filed on July 18 and set for hearing on August 18 (DE 54). Thus, Plaintiff's opposition was due no later than July 28. July 28 came and went, but Plaintiff failed either to file an opposition or a "Statement of Genuine Disputes" as required by Local Rule 56-2 or request an extension of time. It was only after SEGA filed its August 4 "Notice of Plaintiff's Failure to File Opposition to Defendant's Motion for Summary Judgment" (DE 56) that Plaintiff's counsel filed the August 7 Motion to Extend. In other words, between July 18 and August 6— nearly three weeks—no one heard anything from Plaintiff's counsel. Not one word.

In his Motion to Extend, Plaintiff acknowledges that the Summary Judgment Motion was served on July 18 and that Plaintiff's opposition was due on July 28. (Motion to Extend at pp. 6-7). Plaintiff's counsel's explanation for failing to file an opposition is: "This accompanying motion and filing was delayed due to an unexpected and sudden death in my family which required me to travel from Los Angeles to Grand Forks, North Dakota. I was a pall bearer at the funeral and returned to the office on August 6, 2025." (Declaration of Ryan Powers in Support of Plaintiff's Motion to Extend (DE 57-1, "Powers Decl.") ¶ 5).

The death in counsel's family is unfortunate and SEGA means no disrespect, but the Motion to Extend fails to include even rudimentary information, such as the date on which the death occurred. Significantly, if the unexpected and sudden death

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d)

of counsel's family member occurred *after* July 28, this would not provide an explanation or excuse for Plaintiff failing to respond to the Summary Judgment Motion before July 28. And if the family member's death occurred *before* July 28, the Motion to Extend should have explained why Plaintiff failed to seek an extension before the July 28 deadline. But the Motion to Extend does not bother to include any explanation.

Deaths, accidents, and illnesses happen, but only in the most dire circumstances would an attorney be rendered incapable of calling or emailing the Court or opposing counsel in a timely manner to let them know what happened and seek an extension. Obviously, Plaintiff's counsel had access to email and telephone during this time, given that he says he travelled from California to North Dakota and back and made the necessary arrangements to do so. Nor does counsel say why he waited until he "returned to the office on August 6, 2025" to email SEGA's counsel. (*See* Powers Decl. ¶ 5; Motion to Extend at p. 7).

Plaintiff's Motion to Extend also asks the Court to defer ruling on SEGA's Summary Judgment Motion under Rule 56(d) and allow Plaintiff forty-five days, until September 11, 2025, to conduct discovery. (*See* Plaintiff's Proposed Order, DE 57-2).[1]

In making his Rule 56(d) request, Plaintiff falsely claims he "has been diligent in pursuing discovery." (Motion to Extend at p. 6). In fact, discovery in this action opened on June 2, 2025, and Plaintiff has to date served no discovery requests whatsoever. (Lehv Decl. ¶ 9). Moreover, on July 10, the parties had a lengthy telephone conference pursuant to Local Rule 7-3 to discuss SEGA's then-

---

[1] Plaintiff suggests, but does not explicitly state, that he will file his opposition to the Summary Judgment Motion on September 11. Plaintiff does not offer a proposed new return date for the Summary Judgment Motion or a proposed date for SEGA's reply. Finally, Plaintiff does not propose a schedule to conduct the discovery he requests.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d)

forthcoming summary judgment motion, (*see* DE 54 at p. 2), during which SEGA's counsel told Plaintiff's counsel in detail the basis for the Summary Judgment Motion. (Lehv Decl. ¶ 10). At no time during the call did Plaintiff's counsel say he needed discovery to oppose the Summary Judgment Motion. (*Id.*) Nor did Plaintiff serve discovery requests at any time after the call ended.[2] (*Id.*)

Plaintiff has also failed to comply with Rule 56(d)'s requirements for requesting discovery and deferral of consideration of the Summary Judgment Motion. Rule 56(d) requires that a non-movant show "*by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.*" Fed. R. Civ. P. 56(d) (emphasis added). Here, the *declaration* of Plaintiff's counsel includes a much shorter list of document categories than the list in the memorandum in support of Plaintiff's Motion to Extend, and nowhere in the declaration does counsel state (i) that the documents he wants are "essential" to oppose the motion, (ii) what specific facts these documents will show, or (iii) how those facts would preclude summary judgment. Moreover, as explained in detail in Section III below, the requested discovery is completely irrelevant to the Summary Judgment Motion. In short, Plaintiff's Rule 56(d) request is nothing more than an attempt to stall the case and delay a ruling on SEGA's meritorious Summary Judgment Motion.

## **ARGUMENT**

## I.    **LEGAL STANDARDS**

### **A. Excusable Neglect**

Federal Rule of Civil Procedure 6(b) states that a Court may "extend the time" for a party to respond to a filing "after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The party seeking

---

[2] Further, although Plaintiff's counsel claims he has "acted diligently in addressing the motion for summary judgment" (Powers Decl. ¶ 8), he does not explain why he filed his August 7 Motion to Extend under the ordinary notice of motion procedure – with a return date on September 8, a month in the future – instead of seeking an expedited hearing.

relief has the burden to prove that its delay was the result of excusable neglect. *In re Edwards Theatres Cir., Inc.*, 70 F. App'x 950, 951 (9th Cir. 2003); *see also Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988) (the moving party bears the burden of justifying excusable neglect relief); *Crowder v. Asuncion*, 18-CV-3086 (R)(JC), 2019 WL 12661082, at *2 (C.D. Cal. Aug. 23, 2019) (Klausner, J.) (same).

"The determination of whether neglect is excusable is an equitable one that considers: (1) the dangers of prejudice to the other party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for delay, and (4) whether the party acted in good faith." *Axelrod v. Zeltiq Aesthetics, Inc.*, 25-CV-1431 (RGK)(MAA), 2025 WL 1812465, at *1 (C.D. Cal. June 30, 2025 (Klausner, J.) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993)). The excusable neglect test under Rule 6(b)(1)(B) is the same as that under Rule 60(b)(1). *Molina v. Potter*, 10-CV-0454 (JLS)(BGS), 2011 WL 1261547, at *1 (S.D. Cal. Apr. 5, 2011) (citing *Pioneer*, 507 U.S. at 392-93).

## B. Rule 56(d)

Rule 56(d) "provides 'a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence.'" *McClendon v. Bresler*, 20-CV-7758 (RGK)(GJS), 2021 WL 3017511, at *3 (C.D. Cal. Apr. 20, 2021) (Klausner, J.) (quoting *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018)).

When the non-movant "seeks to use 56(d) for this purpose they must 'explain what further discovery would reveal that is essential to justify [their] opposition to the motion for summary judgment.'" *Id.* (quoting *Stevens*, 899 F.3d at 678 (cleaned up)). "To do this, 'the requesting party must show: (1) it has set forth in affidavit form the *specific* facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are *essential* to oppose summary judgment.'" *Id.* (quoting *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (emphasis added); *see also Sec. & Exch. Comm'n v. Stein*,

906 F.3d 823, 833 (9th Cir. 2018) (under Rule 56(d) the party "must identify by affidavit 'the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment.'") (citation omitted)

## II. PLAINTIFF HAS FAILED TO MEET HIS BURDEN OF DEMONSTRATING THAT HIS DELAY WAS THE RESULT OF EXCUSABLE NEGLECT

### A. The Third Factor Overwhelmingly Weighs Against Excusable Neglect

SEGA begins with the third *Pioneer* factor because it is well settled that this factor—the reason for delay—is the "most important *Pioneer* factor" and "carries the greatest weight in determining excusable neglect." *Galfayan v. State Farm Gen. Ins. Co.*, 23-CV-1991 (RGK)(SK), 2024 WL 5317267, at *2 (C.D. Cal. Apr. 23, 2024) (Klausner, J.). Indeed, Courts in the Ninth Circuit and this District regularly find that delays were *not* the result of excusable neglect where the third *Pioneer* factor weighs against excusable neglect, even when the other three factors weigh in favor of excusable neglect. *See, e.g., In re Edwards*, 70 F. App'x at 951; *Axelrod*, 2025 WL 1812465 at *2-3; *Galfayan*, 2024 WL 5317267 at *2.

Moreover, if the party seeking relief has a history of late filings, that history weighs against them in the analysis of this factor. *See, e.g., Axelrod*, 2025 WL 1812465 at *2 (plaintiff's *second* late filing weighed "heavily" against finding of excusable neglect). Additionally, personal obligations, even if substantial, do not necessarily mean this factor weighs in favor of finding excusable neglect. *See, e.g., Anderson v. Hughes Helicopters, Inc.*, 865 F.2d 263, 1988 WL 142807, at *8 (9th Cir. Dec. 28, 1988) (unpublished); *Axelrod*, 2025 WL 1812465 at *3.

Here, the third *Pioneer* factor weighs heavily against Plaintiff. As noted above, Plaintiff's counsel provides only a cursory explanation for his failure to file an opposition to SEGA's Summary Judgment Motion, stating it was the result of "an unexpected and sudden death in [his] family which required [him] to travel from

-10-

Los Angeles to Grand Forks, North Dakota" and that Plaintiff's counsel was "a pall bearer at the funeral and returned to the office on August 6, 2025." (Powers Decl. ¶ 5). Although SEGA is sympathetic to Plaintiff's counsel's loss, this explanation does not justify Plaintiff's counsel's complete failure to file an opposition or contact SEGA's counsel or the Court to seek an extension.

Plaintiff's counsel provides no explanation for his silence between July 18 (when SEGA filed the Summary Judgment Motion) and August 6 (when he "returned to the office"). He does not state *when* his relative died, *why* he was prevented from sending a simple email or placing a quick phone call to SEGA's counsel or the Court before the July 28 deadline, or *why* he failed to communicate with the Court before the August 7 Motion to Extend. Plaintiff's counsel's scant explanation is particularly concerning given Plaintiff's counsel's history of failing to follow the Court's deadlines. *See Axelrod*, 2025 WL 1812465 at *2; *Hoy v. Yamhill Cnty.*, 13-CV-1098 (HZ), 2015 WL 5664262, at *4 (D. Or. Sept. 21, 2015); *Molina*, 2011 WL 1261547 at *3; *Meyer v. Qualex, Inc.*, 426 F. Supp. 2d 344, 345-46 (E.D.N.C. 2006) (all noting that a moving party's repeated failure to comply with deadlines weighed against a finding of excusable neglect).

Of course, attorneys, like everyone else, experience personal problems including family deaths, illnesses, and other personal obligations. However, it is *inexcusable* for a counsel to just disappear and ignore litigation deadlines rather than contact opposing counsel or the Court and request an extension. This is particularly true where—as here—the Plaintiff's counsel appears to be a sole practitioner. *See Hilterman v. Furlong*, 161 F.3d 17, 1998 WL 637264, at *3 (10th Cir. Sept. 11, 1998) ("it was inexcusable for a sole practitioner to leave a law office for an extended period" without making arrangement for the monitoring of his cases and deadlines) (unpublished).

Indeed, personal obligations would be a reason to "do nothing" only if counsel is "not reasonably capable of communicating to co-counsel his inability to

file." *See Active Glass Corp. v. Architectural & Ornamental Iron Workers Local Union 580*, 899 F. Supp. 1228, 1231 (S.D.N.Y. 1995) (citation omitted). But short of being rendered incapable of communication, an attorney is required to contact opposing counsel or the Court to seek an extension. *See Anderson*, 865 F.2d 263, 1988 WL 142807 at *8 (Ninth Circuit affirmed district court's finding of no excusable neglect where pro se plaintiff failed to attend trial due to mother's death, since plaintiff knew the date of trial and could have sought relief/extension); *Axelrod*, 2025 WL 1812465 at *3 (holding that plaintiff's counsel's "personal obligations" consisting of the destruction of his home in the Palisades Fire[3] did not constitute excusable neglect and was "unpersuasive" reason); *Delacruz v. Stern*, 166 F.3d 1200, 1998 WL 852577, at *2 (2d Cir. Dec. 8, 1998) (counsel's "marital problems" not a persuasive reason for untimeliness; counsel could have requested an extension) (unpublished); *Beckles v. City of New York*, 08-CV-3867 (RJH)(JCF), 2010 WL 1841714, at *3 (S.D.N.Y. May 10, 2010) (counsel's illness did not constitute excusable neglect; he could have sought extension); *Long v. Carberry*, 151 F.R.D. 240, 243 (S.D.N.Y. 1993) (illness of plaintiff's attorney's wife did not constitute excusable neglect; plaintiff's attorney should have requested extension).

Plaintiff's counsel's conduct must be viewed in the context that it is now the *fourth time* he has failed to comply with the Court's deadlines. Plaintiff already failed to file a timely opposition to SEGA's Motion to Dismiss because of Plaintiff's counsel's "calendaring error" (*see* DE 43 at p. 2 n. 1) and Plaintiff's counsel failed to attend the parties' Initial Scheduling Conference due to another issue with his calendar (DE 44 ¶ 4). Plaintiff also served his Initial Disclosures late with no explanation or request for an extension. (Lehv Decl. ¶¶ 6-8). This history of late filings weighs heavily against Plaintiff. *See Axelrod*, 2025 WL 1812465 at *2; *see*

---

[3] *See* Motion to Vacate Pursuant to Rule 60 at p. 5, *Axelrod v. Zeltiq Aesthetics, Inc.*, 25-CV-1431 (RGK)(MAA) (C.D. Cal. May 23, 2025), ECF No. 52.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d)

1   *also Hoy*, 2015 WL 5664262 at *4 (finding no excusable neglect, particularly
2   considering counsel's repeated missed deadlines despite the court's prior reprieves);
3   *Meyer*, 426 F. Supp. 2d at 345-46 (no excusable neglect where plaintiff
4   "demonstrated consistent and inexcusable disregard for the filing deadlines and
5   other procedural rules established by the court").

6       Accordingly, the third *Pioneer* factor overwhelmingly weighs against a
7   finding of excusable neglect.

8   ### B. The Fourth Factor Weighs Against Excusable Neglect

9       As with the third factor, the fourth *Pioneer* factor—whether the party seeking
10  relief has acted in good faith—weighs against a finding of excusable neglect here.

11      As discussed in Section II.A above, Plaintiff's counsel is a repeat offender
12  and has consistently failed to abide by the Court's deadlines. Such conduct weighs
13  against finding that Plaintiff has acted in good faith under the fourth factor. *See
14  Molina*, 2011 WL 1261547 at *3 (holding that plaintiff did not show excusable
15  neglect and that "[c]ounsel's history of consistently failing to heed [the court's]
16  deadlines and abide by Court Orders suggests that counsel has not acted in good
17  faith."). Accordingly, the fourth factor also weighs against finding excusable
18  neglect.

19  ### C. The First and Second Factors

20      As noted above, courts in the Ninth Circuit and this District regularly find
21  that, based on the third *Pioneer* factor alone, delays were not excusable. *See, e.g., In
22  re Edwards*, 70 F. App'x at 951; *Axelrod*, 2025 WL 1812465 at *2-3; *Galfayan*,
23  2024 WL 5317267 at *2. Therefore, these courts often do not give significant
24  weight to the first and second factors, but SEGA discusses them briefly here.

25      As to the first factor (prejudice), Plaintiff's repeated failures to respond within
26  deadlines has caused a type of prejudice. From making an appearance in court when
27  Plaintiff's counsel did not show up, to submitting notifications to the Court of
28  Plaintiff's failure to file papers, and now to researching and drafting an opposition to

-13-

1  a perfunctory Motion to Extend, SEGA has had to expend significant legal fees to,
2  in effect, manage Plaintiff's calendar for him. *See Molina*, 2011 WL 1261547 at *2.

3       As to the second factor (length of delay), in the context of the short time
4  frame for briefing the Summary Judgment Motion, Plaintiff's delay was significant.
5  Although Plaintiff's counsel has not said how long he delayed, even assuming he
6  learned of the death *on* July 28 (the date his opposition was due), his delay until
7  August 6 was *longer* than the amount of time he originally had to oppose the
8  Summary Judgment Motion and longer than SEGA's time to file a reply. (If he
9  learned of it *before* July 28, then the delay was even longer). Further, Plaintiff's
10  counsel sought even more delay by proposing an additional month for his Motion to
11  Extend to be heard, which required the Court to intervene to shorten the time. Thus,
12  the first and second factors also weigh against excusable neglect.

13                          *       *       *

14       In sum, the Court should not reopen Plaintiff's deadline to respond to SEGA's
15  Summary Judgment Motion and should refuse to consider Plaintiff's 56(d) request
16  as untimely.

17  **III.  PLAINTIFF HAS FAILED TO MEET THE REQUIREMENTS OF**
18        **RULE 56(D) AND THE DISCOVERY REQUESTED IS IRRELEVANT**
19        **TO SEGA'S MOTION FOR SUMMARY JUDGMENT**

20       Because Plaintiff's failure to meet the deadline to respond to SEGA's
21  Summary Judgment Motion was not the result of excusable neglect, the deadline
22  should not be reopened. However, if the Court decides to consider Plaintiff's Rule
23  56(d) request, the Court should deny it for two independent reasons.

24       First, the broad categories of documents on which Plaintiff seeks discovery
25  are wholly irrelevant to the issue presented in the Summary Judgment Motion. The
26  Summary Judgment Motion is based on the Copyright Act's statute of limitations.
27  SEGA argues that Plaintiff's claim of co-ownership to the musical composition
28  copyright in "Live and Learn" is barred by the statute of limitations because SEGA

-14-

openly repudiated that claim decades ago. Plaintiff's proposed discovery is not relevant to this issue and certainly is not essential to opposing the Summary Judgment Motion.

Second, Plaintiff has blatantly flouted the requirements of Rule 56(d) and has not complied with the three required elements, namely: (1) set forth by affidavit or declaration the *specific facts* Plaintiff hopes to elicit from the proposed discovery; (2) show that the facts sought exist; and (3) explain *why* the sought-after facts are *essential* to Plaintiff's ability to oppose SEGA's Motion for Summary Judgment. *See Family Home & Fin. Ctr.*, 525 F.3d at 827.

## A. Plaintiff's Proposed Discovery Is Irrelevant to SEGA's Summary Judgment Motion

In his remaining claim in his First Amended Complaint (DE 17, "FAC"), Plaintiff seeks a declaration that he is the co-owner of the copyright in the musical composition of the song "Live and Learn." (FAC at p. 16 & ¶ 54; *see also* DE 43 at p. 3). SEGA of course disputes that Plaintiff is a co-owner of the musical composition copyright as a matter of fact and law. However, that simply does not matter for purposes of the Summary Judgment Motion because the Motion is based exclusively on whether Plaintiff's claim is untimely under the Copyright Act's statute of limitations. The undisputed facts show that SEGA repudiated Plaintiff's alleged co-ownership – in the credits and copyright notices printed on the video game, CDs, and other media – as early as 2001. (Summary Judgment Motion at pp. 18-20, DE 54). Further, as Plaintiff admits, he knew SEGA was exploiting "Live and Learn" as early as 2001 and he knew he was not receiving any royalties from SEGA for such exploitation. (*See* FAC ¶¶ 39, 64, 67). The absence of royalties also constituted a repudiation. Thus, under the statute of limitations, the deadline for Plaintiff to have asserted his claim of co-ownership expired three years after the first repudiation. (Summary Judgment Motion at pp. 20-21, DE 54). Since Plaintiff waited twenty-three years to assert his claim of co-ownership, his claim is barred by

the statute of limitations. Accordingly, the only issue in the Summary Judgment Motion is whether the credits and copyright notices on the CDs, video game, and vinyl LPs and the failure to pay royalties constitute repudiation.

With this background in mind, it is obvious that Plaintiff has made no effort to show that the discovery sought in his Rule 56(d) request is relevant – let alone essential – to oppose the Summary Judgment Motion. Plaintiff seeks two broad categories of documents: (1) documents regarding *how* SEGA came to own SEGA's portion of the purportedly co-owned musical composition copyright in "Live and Learn" (*see* Powers Decl. ¶ 7; Motion to Extend at pp. 4-5 & ¶¶ 1-4) (the "Ownership Documents") and (2) documents regarding the "distribution and publication" of the "compact discs and other media" in which SEGA repudiated Plaintiff's co-ownership (*see* Motion to Extend at pp. 4-5 & ¶ 5) (the "Distribution Documents"). Both categories are completely irrelevant to SEGA's Summary Judgment Motion and are not necessary for Plaintiff to "justify [his] opposition." Fed. R. Civ. P. 56(d). Thus, Plaintiff's 56(d) request should be denied. *See Stevens*, 899 F.3d at 679 (denying 56(d) request given the information sought "would *not* illuminate the determinative inquiry" at issue on summary judgment) (emphasis in original).

### 1. The Ownership Documents are Irrelevant to the Motion For Summary Judgment

The Ownership Documents are not necessary to oppose the Summary Judgment Motion because they would provide no information to rebut SEGA's evidence that SEGA repeatedly repudiated Plaintiff's alleged co-ownership long ago and the three-year statute of limitations has expired. Plaintiff does not describe the Ownership Documents in any detail. It appears, however, that Plaintiff is seeking documents that show how SEGA came to own SEGA's purported portion of the musical composition copyright in "Live and Learn." But how SEGA came to own "SEGA's portion" is completely irrelevant to whether SEGA repudiated Plaintiff's

alleged co-ownership of *Plaintiff's purported portion* of the musical composition. Repudiation regarding *Plaintiff's purported portion* is what matters for purposes of SEGA's Summary Judgment Motion.

Moreover, this is a wholly fabricated area of dispute. Plaintiff himself alleges in the FAC that SEGA is a co-owner of the copyright of the musical composition copyright with Plaintiff.[4] (FAC at p. 16; *see also id.* ¶ 52). Plaintiff also admits in the FAC that Jun Senoue, who created the music and arrangement for "Live and Learn," is SEGA's employee.[5] (FAC ¶ 24). Therefore, the musical composition, *i.e.*, the "music" and "arrangement" in "Live and Learn," was written by Jun Senoue in his capacity as SEGA's employee and thus is owned by SEGA as a work made for hire under the Copyright Act. 17 U.S.C. §§ 101, 201. As a result, Plaintiff simply has no reason to question the "chain of title" of "SEGA's portion" of the musical composition. *See Weinberg v. Dirty World, LLC*, 16-CV-9179 (GW)(PJWx), 2017 WL 5665023, at *4 (C.D. Cal. July 27, 2017) (finding that discovery was not necessary or needed under Rule 56(d) given facts were not in dispute). In short, SEGA's ownership vis-a-vis its employee and its predecessor-in-interest is undisputed. More significantly, it is completely irrelevant to SEGA's Summary

---

[4] Plaintiff also alleges that SEGA is the successor-in-interest to SEGA of America Dreamcast, Inc. and that Sega of America Dreamcast, Inc. was merged into SEGA. (FAC ¶ 11). Likewise, SEGA admitted in its Answer to the FAC that SEGA is the successor-in-interest to SEGA of America, Inc.'s rights under the Services Agreement. (DE 50 ¶ 11).

[5] Plaintiff mentions "Fumie Kumatani, Kenichi Tokoi, and Tomoya Ohtani" as relevant to the "chain of title" documents he seeks. (Motion to Extend at p. 4). However, he fails to explain what these individuals had to do with "Live and Learn" or why they are in any way relevant to the repudiation issue. Although these artists are credited for the "Music & Lyrics" for some of the songs and music in the *Sonic Adventure 2* video game, (*see* Summary Judgment Motion at 9, DE 54; Ogawa Decl. ISO Summary Judgment Motion, Ex. C at p. 35, DE 54-5), they are not credited for any part of "Live and Learn" on any of the CDs or vinyl LPs. (*See id.*, Exs. D-F, H, DE 54-6, 54-7, 54-8, DE 54-10). The CDs and vinyl LP credit only Jun Senoue with authorship of the "Music" and "Arrangement" of "Live and Learn." (*Id.*)

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME TO
RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 56(d)

1  Judgment Motion.

2          **2.   *The Distribution Documents are Irrelevant to the Motion for***

3               ***Summary Judgment***

4          The Distribution Documents are similarly irrelevant to SEGA's Summary

5  Judgment Motion. It is unclear (and Plaintiff does not explain) what documents

6  regarding "distribution and publication" of the CDs and LP attached as exhibits to

7  the Summary Judgment Motion, in which SEGA repudiated Plaintiff's co-

8  ownership, have to do with Plaintiff's ability to refute SEGA's showing of

9  repudiation. As shown in the Summary Judgment Motion, Plaintiff indisputably

10 *knew* of (i) the 2001 *Sonic Adventure 2* video game, (ii) the 2001 musical CD titled

11 *Sonic Adventure 2 Cuts Unleashed: SA2 Vocal Collection* ("*Cuts Unleashed*"), and

12 (iii) the 2011 musical CD titled *Sonic Adventure 2 Original Soundtrack: 20th*

13 *Anniversary Edition* (the "*20th Anniversary Edition*")—and that "Live and Learn"

14 appeared on all three. (Summary Judgment Motion at pp. 9-11, 18-19, DE 54; *see*

15 *also* FAC ¶ 39).

16         Plaintiff tellingly does not dispute SEGA's evidence showing that he *knew*

17 about the existence and distribution of the video game and at least the *Cuts*

18 *Unleashed* and *20th Anniversary Edition* CDs, that he *knew* "Live and Learn" was on

19 them, and does not dispute that he *admitted* in the FAC that he was not receiving

20 royalties (FAC ¶¶ 64, 67). These undisputed facts alone are sufficient to show

21 SEGA repudiated Plaintiff's claim of co-ownership. Thus, Plaintiff fails to show

22 how documents regarding the "distribution and publication" of any of the works

23 would have any bearing at all – let alone are "essential" – to his ability to oppose

24 SEGA's Summary Judgment Motion.

25         **B. Plaintiff Has Blatantly Flouted the Requirements of Rule 56(d)**

26         Not only are the documents Plaintiff seeks completely irrelevant to SEGA's

27 Summary Judgment Motion, but also Plaintiff manifestly flouted the requirements

28 of Rule 56(d). As noted above, to avail himself of Rule 56(d), the movant must: (1)

-18-

set forth *by affidavit or declaration* the *specific facts* Plaintiff hopes to elicit from the proposed discovery; (2) show that the facts sought actually exist; and (3) explain *why* the sought-after facts are *essential* to Plaintiff's opposition to the Summary Judgment Motion. *See, e.g., Fam. Home & Fin. Ctr.*, 525 F.3d at 827. Plaintiff fails to do all three.

First, Plaintiff does not set forth *in a declaration or affidavit* the specific facts he hopes to elicit from discovery. Instead, most of the categories of documents and "facts" Plaintiff seeks are improperly set forth in the memorandum in support of the Motion to Extend rather than counsel's declaration. *McClendon*, 2021 WL 3017511 at *3 (finding that the party seeking to avail himself of Rule 56(d) "failed to meet the first, and most basic" of Rule 56(d)'s requirement by failing to "set forth his request in affidavit form").

Additionally, even ignoring this defect and considering both counsel's declaration and the Motion to Extend, there are no "specific facts" articulated that Plaintiff hopes to elicit from discovery. Rather, Plaintiff outlines a vague and generalized list of broad document categories he intends to seek without mentioning the "specific facts" he hopes to elicit from the documents. These kinds of generalized and unspecified requests do not satisfy Rule 56(d). *See Ohno v. Yasuma*, 723 F. 3d 984, 1013 n.29 (9th Cir. 2013) ("[i]t is not enough to rely on vague assertions that discovery will produce needed, but unspecified, facts.") (citation omitted); *see also McClendon*, 2021 WL 3017511 at *3 (denying request under Rule 56(d) in part because plaintiff failed to "explain what specific facts he hopes to obtain from further discovery"); *Amavizca v. Nutra M.g, LLC*, 20-CV-1324 (RGK)(MAA), 2021 WL 945242, at *4 (C.D. Cal. Mar. 9, 2021) (Klausner, J.) (same); *Mkrtchyan v. Sacramento Cnty.*, 17-CV-2366 (DAD)(KJN), 2023 WL 6961889, at *4 (E.D. Cal. Oct. 20, 2023) (plaintiff cannot satisfy his 56(d) burden by listing "vague, conclusory, and speculative assertion[s] regarding what the reopening of discovery might reveal).

-19-

Second, Plaintiff does not even attempt to make a showing that any such facts exist. *See McClendon*, 2021 WL 3017511 at *3 (denying request under Rule 56(d) in part because plaintiff failed to "explain . . . that [the requested] facts exist[ed]"). Thus, he fails to meet the second requirement. *Id.*

Third, Plaintiff has not explained *why* the documents he seeks are "essential" to his ability to oppose the Summary Judgment Motion. Plaintiff says nothing about how these documents would have any bearing on summary judgment, let alone preclude it. *See Amavizca*, 2021 WL 945242 at *4 (denying Rule 56(d) request and finding the party "fail[ed] to . . . 'explain why [the sought] facts would preclude summary judgment.'") (quoting *Tatum v. City & Cnty. of San Francisco*, 41 F.3d 1090, 1100 (9th Cir. 2006)). Rather, Plaintiff offers only a conclusory, unsupported statement (only in his memorandum) that the documents are supposedly "essential to Plaintiff's ability to properly respond to the [Summary Judgment M]otion." (Motion to Extend at p. 5). Such a general statement is not sufficient and thus Plaintiff has also failed to meet the third requirement. *See McClendon*, 2021 WL 3017511 at *3 (denying request under Rule 56(d) in part because plaintiff failed to explain "explain . . . that [the requested] facts are essential to him opposing summary judgment.").

That Plaintiff has said nothing beyond a conclusory statement that these documents are "essential" is not surprising. That is because, as outlined above, Plaintiff *cannot* explain how these documents would preclude summary judgment, given that they are wholly irrelevant to the Summary Judgment Motion. *See Stevens*, 899 F.3d at 679.

Accordingly, Plaintiff's Rule 56(d) request should be denied.

## **CONCLUSION**

Enough is enough. Plaintiff has repeatedly ignored deadlines in this case, even after being warned that "future late filings may have consequences." Yet, for Plaintiff, ignoring deadlines seems to be the rule rather than the exception. SEGA

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME TO
RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 56(d)

has repeatedly had to deal with these missed deadlines and has incurred legal fees in doing so, including this very opposition. Even after the most recent failure to meet a deadline, Plaintiff's excuse is lacking the most basic facts.

As for Plaintiff's request to defer consideration of the Summary Judgment Motion to allow him time to take discovery under Rule 56(d), even if Plaintiff had made the request before the deadline – which he did not – the request fails to satisfy the requirements of Rule 56(d) and the discovery sought is not even relevant to SEGA's Summary Judgment Motion – let alone essential to it.

Accordingly, Defendant respectfully requests that the Court deny Plaintiff's Motion to Extend and take SEGA's Summary Judgment Motion under submission as unopposed.


DATED: August 11, 2025

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET LLP**


By: _/s/ Kevin R. Lussier_
Kevin R. Lussier, Esq.
Suhail Rajakumar, Esq.


**FROSS ZELNICK LEHRMAN & ZISSU, P.C.**
Jason D. Jones (pro hac vice)
Richard Z. Lehv (pro hac vice)
Courtney B. Shier (pro hac vice)

Attorneys for Defendant
SEGA CORPORATION

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME TO
RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 56(d)

1

**CERTIFICATE OF COMPLIANCE**

2        The undersigned, counsel of record for Defendant, SEGA CORPORATION,

3    certifies that this brief contains 5,537 words, which complies with the word limit set

4    by court order dated February 5, 2025.

5

6    DATED: August 11, 2025              **CRUSER, MITCHELL, NOVITZ,
                                          SANCHEZ, GASTON & ZIMET LLP**

7

8                                        By: /s/ *Kevin R. Lussier*
                                         Kevin R. Lussier, Esq.

9                                        Suhail Rajakumar, Esq.

10                                       Jason D. Jones (pro hac vice)

11                                       Richard Z. Lehv (pro hac vice)
                                         Courtney B. Shier (pro hac vice)

12                                       **FROSS ZELNICK LEHRMAN &**

13                                       **ZISSU, P.C.**

14                                       Attorneys for Defendant

15                                       SEGA CORPORATION

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME TO
RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 56(d)