UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-00732-RGK-MAA | Date | August 22, 2025 |
|---|---|---|---|
| Title | *John Gioeli v. Sega Corporation* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Extend Time to Respond to Motion for Summary Judgment Under Rule 56(d) [57]; Defendant's Motion for Summary Judgment [54]

## I.  INTRODUCTION

On February 7, 2025, John Gioeli ("Plaintiff") filed the operative First Amended Complaint ("FAC") against Sega Corporation ("Defendant"). (ECF No. 17.) After a motion to dismiss, Plaintiff's claims for declaratory judgment, an accounting, and unjust enrichment remain.[1] (*See* Mot. Dismiss Order, ECF No. 43.)

Presently before the Court are two motions. On July 18, 2025, Defendant filed a Motion for Summary Judgment as to the remaining claims. (Def.'s Mot., ECF No. 54.) On August 7, 2025, over a week after his opposition to Defendant's Motion for Summary Judgment was due, Plaintiff filed a "Motion for Extension of Time to File Response to Defendant's Motion for Summary Judgment." (Pl.'s Mot., ECF No. 57.) As discussed further below, the Court construes Plaintiff's filing as an opposition to Defendant's Motion for Summary Judgment. And for the following reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment.

## II.  FACTUAL BACKGROUND

The following facts are undisputed unless otherwise noted:

On February 1, 2001, Plaintiff and Defendant entered into a service agreement under which Plaintiff would write lyrics for "Live and Learn," a song for Defendant's videogame, *Sonic Adventure 2*. (FAC ¶ 17.) As time went on, however, Plaintiff's role and services began to expand beyond those originally contemplated by the service agreement. (*Id.* ¶ 23.) Instead of merely providing lyrics, Plaintiff

---

[1] In the FAC, Plaintiff also asserted a breach of contract claim. (FAC ¶¶ 55–60.) The Court dismissed part of that claim without prejudice on Defendant's motion, but allowed Plaintiff to amend his complaint. (Mot. Dismiss Order at 8, ECF No. 43.) Plaintiff did not file an amended complaint, forfeiting his breach of contract claim altogether.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00732-RGK-MAA | Date | August 22, 2025 |
|---|---|---|---|
| Title | *John Gioeli v. Sega Corporation* | | |

took an active role in developing "Live and Learn," including by producing the instrumental version and providing vocals for the song. (*Id.* ¶¶ 24–25, 27.)

Defendant released *Sonic Adventure 2* in 2001. (Ogawa Decl. ¶ 5, ECF No. 54-2.) "Live and Learn" was included as a song in the game. (*Id.*) The credits for the "Music & Lyrics" in *Sonic Adventure 2* read: "Music & Lyrics: June Senoue, Fumie Kumatani, Kenichi Tokoi, [and] Tomoya Ohtani." (Ogawa Decl., Ex. C at 35, ECF No. 54-5.) In addition, the copyright notice for the game read: "© SEGA CORPORATION 2001." (*Id.* at 18.) Neither the credits nor the copyright notice identified Plaintiff as having any sort of interest in "Live and Learn." (*Id.* at 35, 18.)

Defendant also distributed "Live and Learn" on two other CDs released in 2001, a CD released in 2011, and a vinyl released in 2018. (Ogawa Decl. ¶¶ 7–15.)

### III.  JUDICIAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 56(a), a court may grant summary judgment only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Facts are "material" only if dispute about them may affect the outcome under applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.*

On issues where the moving party does not have the burden of proof at trial, the moving party is required to show that no evidence supports the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). To defeat a summary judgment motion, the nonmoving party may not merely rely on his pleadings or on conclusory statements. *Id.* at 324. Nor may the nonmoving party merely attack or discredit the moving party's evidence. *Nat'l Union Fire Ins. Co. v. Argonaut Ins. Co.*, 701 F.2d 95, 97 (9th Cir. 1983). Rather, the nonmoving party must affirmatively present specific evidence sufficient to create a genuine issue of material fact for trial. *Celotex Corp.*, 477 U.S. at 324. When evaluating evidence at the summary judgment stage, "a court must view the evidence 'in the light most favorable to the opposing party.'" *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)).

### IV.  DISCUSSION

As noted above, Plaintiff filed a "Motion for Extension of Time to File Response to Defendant's Motion for Summary Judgment" over a week after his opposition to Defendant's Motion for Summary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00732-RGK-MAA | Date | August 22, 2025 |
|---|---|---|---|
| Title | *John Gioeli v. Sega Corporation* | | |

Judgment was due.[2] The Court begins by considering this filing, then proceeds to consider the merits of Defendant's Motion for Summary Judgment.

    **A.**    <u>**Motion to Extend Time**</u>

Plaintiff's filing is unusual. Although it is titled as a formal motion, Plaintiff refers to it as an opposition to Defendant's Motion for Summary Judgment. (*See* Pl.'s Mot. at 6 ("[F]our factors support the consideration of this opposition.").) And in the filing, Plaintiff suggests it should be considered "in spite of its filing date under the excusable neglect standard," further supporting the notion that Plaintiff intended it as an opposition.[3] (*Id.*) Accordingly, the Court construes the filing as an opposition to Defendant's Motion for Summary Judgment. And since it was filed late, the Court considers whether Plaintiff has demonstrated excusable neglect.

Under Rule 6(b), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on [a] motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). In considering if the party failed to act because of excusable neglect, the Court may consider the "*Pioneer*" factors: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Here, the *Pioneer* factors suggest entertaining Plaintiff's filing would be inappropriate. Although the danger of prejudice to Defendant and the length of delay and its potential impact on the proceedings are not substantial, and there is no evidence of bad faith, the third *Pioneer* factor—the reason for delay—strongly disfavors Plaintiff's position.

Plaintiff's explanation for his failure to file a timely opposition is cursory at best. Plaintiff's counsel suggests the delay was due to the fact that he experienced "an unexpected and sudden death in [his] family which required [him] to travel from Los Angeles to Grand Forks, North Dakota," and only returned to the office on August 6, 2025. (Powers Decl. ¶ 5, ECF No. 57-1.) His explanation provides no detail regarding when the unfortunate death in his family occurred, when he was forced to travel, and why he was unable to otherwise inform the Court that he was not able to file an opposition before the deadline expired. It is difficult to give Plaintiff the benefit of the doubt, considering he has already demonstrated a complete disregard for the Court's deadlines. Plaintiff submitted an untimely opposition to Defendant's motion to dismiss in this case, which the Court nonetheless considered over Defendant's

---

[2] Defendant's Motion for Summary Judgment was set for hearing on August 18, 2025. Thus, Plaintiff's opposition was due twenty-one days before, on July 28, 2025. *See* C.D. Cal. L.R. 7-9.
[3] If Plaintiff intended the filing as a formal motion, it would not be untimely under any traditional sense, considering the motion deadline in this case is not until November 2025.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00732-RGK-MAA | Date | August 22, 2025 |
|---|---|---|---|
| Title | *John Gioeli v. Sega Corporation* | | |

objection, albeit with a warning that "future late filings may have consequences." (*See* Mot. Dismiss Order at 2 n.1.) Plaintiff also failed to appear for the scheduling conference in this case without explanation, which required the Court to issue an order to show cause and reschedule the scheduling conference for a later date. (Mins. Scheduling Conference, ECF No. 41.) Defendant, of course, was forced to appear for two scheduling conferences as a result.

This pattern of carelessness reflects a lack of diligence that goes beyond excusable neglect. Having considered the four *Pioneer* factors, the Court sees no excusable neglect. *See Galfayan v. State Farm Gen. Ins. Co.*, 2024 WL 5317267, at *2 (C.D. Cal. Apr. 23, 2024) (finding that delay was not the result of excusable neglect where only the third, and "most important" *Pioneer* factor weighed against excusable neglect). Plaintiff's requested relief from the deadline for his opposition is not warranted.

But even if Plaintiff could establish excusable neglect, his filing does not entitle him to any relief. In the filing, Plaintiff asks that the Court defer ruling on Defendant's Motion for Summary Judgment until he has had time to conduct discovery. Rule 56(d) allows for the Court to "defer considering [a motion for summary judgment] or deny it," if the nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).

Plaintiff submits that the parties have not completed *any* substantive discovery in the case and lists various categories of documents he intends to seek. However, Plaintiff does not explain why he did not request those documents earlier.[4] In other words, the filing is devoid of "specified reasons" why Plaintiff is unable to present facts essential to his opposition. *Id.*; *see Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 524 (9th Cir. 1989) (a party is not entitled to additional discovery under Rule 56(d) "if it fails diligently to pursue discovery before summary judgment"). Nor has Plaintiff explained how the discovery he seeks is essential to his ability to oppose summary judgment, simply leaving the Court to guess how the categories of discovery he seeks are even relevant. *See Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (noting that Rule 56(d) requires that the party seeking more time to oppose a summary judgment motion must explain why the facts he seeks are essential to doing so). Thus, even if Plaintiff has demonstrated excusable neglect, Plaintiff is not entitled to relief under Rule 56(d).

The Court proceeds to consider Defendant's Motion for Summary Judgment which, in light of the above, is effectively unopposed.

---

[4] This is particularly concerning considering Plaintiff has been on notice of the arguments in Defendant's Motion for Summary Judgment since early April when they were raised in Defendant's motion to dismiss. (*See* Def.'s Mot. Dismiss, ECF No. 30.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00732-RGK-MAA | Date | August 22, 2025 |
|---|---|---|---|
| Title | *John Gioeli v. Sega Corporation* | | |

**B.** **Motion for Summary Judgment**

Plaintiff seeks a declaratory judgment that he is a co-owner of the musical composition rights to "Live and Learn." He also asserts derivative claims for an accounting and unjust enrichment based on his alleged co-ownership. Defendant argues that Plaintiff's ownership claim is barred by the Copyright Act's statute of limitations. Defendant further argues that because Plaintiff's co-ownership claim fails, his derivative claims for an accounting and unjust enrichment also fail.

The Copyright Act provides that all civil actions must be brought "within three years after the claim accrued." 17 U.S.C. § 507(b). When the plaintiff's claim concerns copyright *ownership* rather than *infringement*, it accrues only once, when "plain and express repudiation" is communicated to the plaintiff. *Zuill v. Shanahan*, 80 F.3d 1366, 1369 (9th Cir. 1996); *Seven Arts Filmed Ent. Ltd. v. Content Media Corp.*, 733 F.3d 1251, 1254 (9th Cir. 2013).

Defendant argues the "Music and Lyrics" credits and copyright notice for the *Sonic Adventure 2* video game, which was released in 2001, constituted a plain and express repudiation of Plaintiff's rights to the musical composition of "Live and Learn."[5] The Court agrees. When *Sonic Adventure 2* was released in 2001, Plaintiff was on notice of his co-ownership claim—surely, if he was a co-owner, he would be at least mentioned in the "Music and Lyrics" credits or copyright notice for *Sonic Adventure 2*. But he was not mentioned at all. *See Aalmuhammed v. Lee*, 202 F.3d 1227, 1231 (9th Cir. 2000) ("The movie credits plainly and expressly repudiated authorship, by listing [the plaintiff] far below the more prominent names, as an 'Islamic technical consultant.'"). This repudiation occurred twenty-three years ago, when *Sonic Adventure 2* was first released. Thus, Plaintiff's co-ownership claim is time barred. And since Plaintiff's co-ownership claim is time barred, his derivative claims for an accounting and unjust enrichment also fail. *See Heller v. NBCUniversal, Inc.*, 2018 WL 11354835, at *5 (C.D. Cal. Dec. 21, 2018).

Accordingly, the Court **GRANTS** Defendant's Motion for Summary Judgment.

---

[5] Defendant also argues its various CD and vinyl releases of "Live and Learn" expressly repudiated Plaintiff's ownership claim more than three years before Plaintiff filed this lawsuit. The Court need not reach these arguments because the credits and copyright notice for *Sonic Adventure 2* are sufficient on their own to demonstrate repudiation of Plaintiff's ownership claim.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00732-RGK-MAA | Date | August 22, 2025 |
|---|---|---|---|
| Title | *John Gioeli v. Sega Corporation* | | |

### V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment. Defendant shall file a proposed final judgment within **seven (7) days** of this Order.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/aa |