**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET LLP**
Kevin R. Lussier (SBN 143821)
klussier@cmlawfirm.com
Suhail Rajakumar (SBN 327595)
srajakumar@cmlawfirm.com
800 Wilshire Boulevard, 15th Floor
Los Angeles, CA  90017
213-689-8500 (phone)
213-689-8501 (fax)

**FROSS ZELNICK LEHRMAN & ZISSU, P.C.**
Jason D. Jones (pro hac vice)
jjones@fzlz.com
Richard Z. Lehv (pro hac vice)
rlehv@fzlz.com
Courtney B. Shier (pro hac vice)
cshier@fzlz.com
151 W. 42nd Street, 17th Floor
New York, NY 10036
Tel: (212) 813-5900
Fax: (212) 813-5901

Attorneys for Defendant
SEGA CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GIOELI,<br><br>    Plaintiff,<br>    v.<br><br>SEGA CORPORATION,<br><br>    Defendant. | Case No. 2:25-cv-00732 RGK (MAAx)<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  October 14, 2025<br>Time:  9:00 am<br>Courtroom: 850, 8th Floor<br>Judge: Hon. R. Gary Klausner |

-1-

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** that on October 14, 2025 at 9:00 am, or as soon thereafter as the matter may be heard, in Courtroom 850, 8th Floor of the above-entitled Court, located at the Edward R. Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, California 90012, the Honorable R. Gary Klausner presiding, Defendant SEGA Corporation ("SEGA"), will and hereby does move for an Order, pursuant to 17 U.S.C. § 505 and Cal. Civ. Code § 1717 awarding SEGA its attorneys' fees incurred in defending this action. SEGA seeks $366,007.50 in attorneys' fees incurred from December 2024 (when Plaintiff filed this action) through September 9, 2025 in its successful defense of this Action (including the fees necessitated by making this motion, plus any additional fees that may be incurred in filing a reply to any opposition to this motion that Plaintiff may file).

This Motion for Attorneys' Fees (the "Motion") is made on the grounds that the factors considered by Courts to determine whether attorneys' fees should be awarded under Section 505 of the Copyright Act strongly favor an award of attorneys' fees. First, SEGA obtained complete success on the merits against all of Plaintiff's claims in his First Amended Complaint ("FAC") and obtained a final judgment dismissing all those claims with prejudice. Second, Plaintiff's claims were frivolous, brought without a good-faith motivation, and were objectively unreasonable. Lastly, awarding SEGA its attorneys' fees would further the purposes of the Copyright Act by deterring litigants from bringing meritless and untimely copyright lawsuits and encouraging blameless defendants like SEGA to fight against meritless and untimely claims. This Motion is additionally made on the grounds that an award of SEGA's attorneys' fees incurred in defending against Plaintiff's claim for breach of the parties' February 1, 2001 service agreement (the "Service Agreement") is mandatory under the terms of the Service Agreement.

This Motion is made pursuant to Federal Rule of Civil Procedure 54(d)(2). The

Motion is based on this Notice, and the accompanying Memorandum of Points and Authorities; the Declarations of Richard Z. Lehv, Jason D. Jones, and Kevin R. Lussier and the exhibits attached thereto; the files and records in this Action; any reply that SEGA may make; the arguments of counsel; and any other items the Court may consider.

This Motion is made following the conference of counsel pursuant to Civil Local Rule 7-3, which took place on September 3, 2025. *See* Declaration of Richard Z. Lehv at ¶ 19, Docket Entry 65-1.

DATED: September 11, 2025

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET LLP**

By: */s/ Kevin R. Lussier*
Kevin R. Lussier
Suhail Rajakumar

Jason D. Jones (pro hac vice)
Richard Z. Lehv (pro hac vice)
Courtney B. Shier (pro hac vice)
**FROSS ZELNICK LEHRMAN & ZISSU, P.C.**

Attorneys for Defendant
SEGA CORPORATION

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES

# **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................... 8

FACTUAL AND PROCEDURAL BACKGROUND ............................................ 8

I.    PLAINTIFF'S PRE-LITIGATION PURSUIT OF UNVIABLE CLAIMS ..... 8

II.   PLAINTIFF FILED THIS ACTION IN THE WRONG DISTRICT .............. 9

III.  THE PREMIUM AGREEMENT AND SEGA'S FURTHER WARNINGS
      TO PLAINTIFF ................................................................................. 10

IV.   PLAINTIFF'S FAC, SEGA'S MOTION TO DISMISS, AND PLAINTIFF'S
      DEADLINES ...................................................................................... 10

V.    SEGA'S WARNING TO PLAINTIFF FOLLOWING THE
      MAY 13 ORDER ............................................................................... 11

VI.   THE SUMMARY JUDGMENT MOTION AND PLAINTIFF'S
      FOURTH MISSED DEADLINE .......................................................... 12

ARGUMENT ......................................................................................................... 13

I.    LEGAL STANDARD ................................................................................ 13

      A.   Section 505 of the Copyright Act ................................................ 13

II.   SEGA IS ENTITLED TO ATTORNEYS' FEES UNDER § 505 ................. 15

      A.   SEGA is the Prevailing Party ...................................................... 15

      B.   An Award of Attorneys' Fees is Appropriate ............................. 15

           1.  Degree of Success Obtained ................................................ 15

           2.  Objective Unreasonableness ............................................... 16

           3.  Frivolousness/Improper Motivation .................................... 17

           4.  Deterrence/Compensation .................................................... 18

III.  SEGA IS ENTITLED TO ATTORNEYS' FEES UNDER THE SERVICE
      AGREEMENT ..................................................................................... 19

IV.   SEGA'S ATTORNEYS' FEES ARE REASONABLE ................................ 20

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES;
MEMORANDUM OF POINTS AND AUTHORITIES

CONCLUSION.........................................................................................................23

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES;
MEMORANDUM OF POINTS AND AUTHORITIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Cases**

*Amazon Content Servs. LLC v. DeBarr,*

2025 WL 2553333 (C.D. Cal. Aug. 8, 2025) ........................................................ 23

*Bridgeport Music, Inc. v. Diamond Time, Ltd.,*

371 F.3d 883 (6th Cir. 2004) ................................................................................. 16

*BWP Media USA Inc. v. Rich Kids Clothing Co.,*

103 F. Supp. 3d 1242 (W.D. Wash. 2015) .............................................................. 9

*Cheddar Creations, Inc. v. Pawico,*

2024 WL 1346856 (W.D. Wash. Mar. 31, 2024) ............................................ 20, 21

*City of Burlington v. Dagtte*, 505 U.S. 557 (1992) ................................................ 21

*Counts v. Meriwether*, 2016 WL 1165888 (C.D. Cal. Mar. 9, 2016) ...................... 14

*Crown Awards, Inc. v. Discount Trophy & Co.,*

564 F. Supp. 2d 290 (S.D.N.Y. 2008) ................................................................... 22

*DuckHole Inc. v. NBCUniversal Media LLC,*

2013 WL 5797204 (C.D. Cal. Oct. 25, 2013) ....................................................... 19

*Ent. Rsch. Grp., Inc. v. Genesis Creative Grp., Inc.,*

122 F.3d 1211 (9th Cir. 1997) .............................................................................. 14

*Fantasy, Inc. v. Fogerty*, 94 F.3d 553 (9th Cir. 1996) ...................................... 14, 15

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) ................................................. 14, 15

*Ford v. Ray*, 130 F. Supp. 3d 1358 (W.D. Wash. 2015) ............................. 15, 16, 17

*Gilbert v. New Line Prods., Inc.,*

2010 WL 5790688 (C.D. Cal. Dec. 6, 2010)…………………………………. 15, 23

*Goldberg v. Cameron*, 2011 WL 3515899 (N.D. Cal. Aug. 11, 2011) ......... 16, 18, 19

*Grumpy Cat Ltd. v. Grenade Beverage LLC,*

2018 WL 6131175 (C.D. Cal. Aug. 21, 2018) ...................................................... 20

*Indigo Grp. USA, Inc. v. Polo Ralph Lauren Corp.,*

2014 WL 1257338 (C.D. Cal. Mar. 17, 2014) ...................................................... 20

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES;
MEMORANDUM OF POINTS AND AUTHORITIES

*Ingram v. Oroudjian*, 647 F.3d 925 (9th Cir. 2011)................................................9, 22

*Mahan v. Roc Nation, LLC*, 2015 WL 4388885 (S.D.N.Y. July 17, 2015) ..............16

*Maljack Prods., Inc. v. GoodTimes Home Video Corp.*,

81 F.3d 881 (9th Cir. 1996) .....................................................................................15

*Marcus v. ABC Signature Studios, Inc.*,

2017 WL 5592470 (C.D. Cal. Nov. 20, 2017) ...............................................18, 19, 21

*Mattel, Inc. v. MGA Ent., Inc.*, 705 F.3d 1108 (9th Cir. 2013) .................................15

*Perfect 10, Inc. v. Giganews, Inc.*, 2015 WL 1746484 (C.D. Cal. Mar. 24, 2015)...16

*Providence Publ'ns, LLC v. NBC Universal Media, LLC*,

2025 WL 1766338 (C.D. Cal. June 18, 2025).........................................................23

*Sandy v. Paramount Pictures Corp.*,

2025 WL 659214 (C.D. Cal. Feb. 14, 2025) ............................................15, 18, 21, 22

*Scott v. Meyer*, 2010 WL 2569286 (C.D. Cal. June 21, 2010).................................19

*Shame on You Prods., Inc. v. Banks*,

2016 WL 5929245 (C.D. Cal. Aug. 15, 2016) .......................................17, 21, 22, 23

*Shame on You Prods., Inc. v. Banks*, 893 F.3d 661 (9th Cir. 2018)...................14, 15

*Smith v. Jackson*, 84 F.3d 1213 (9th Cir. 1996) ......................................................15

*Zamoyski v. Fifty-Six Hope Rd. Music Ltd.*,

767 F. Supp. 2d 218 (D. Mass. 2011).....................................................................16

**Statutes**

17 U.S.C. § 505...........................................................................................................13

28 U.S.C. § 1391(b)(2) .................................................................................................9

Cal. Civ. Code § 1717.................................................................................................20

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES;
MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

This action should never have been brought. Plaintiff caused SEGA to spend money to defend against stale and meritless claims, which Plaintiff and his counsel seemingly could not be bothered to pursue, yet would not voluntarily discontinue. The Court was justified in dismissing all claims with prejudice and entering judgment in favor of SEGA. An award of full attorney's fees is warranted.

### FACTUAL AND PROCEDURAL BACKGROUND

### I.    Plaintiff's Pre-Litigation Pursuit of Unviable Claims

Plaintiff first contacted SEGA in January 2024, with numerous claims concerning the song "Live and Learn" and an extraordinary demand for payment "in the range of $800,000" for SEGA's use of the song. (Declaration of Richard Z. Lehv in Support of SEGA's Motion for Attorneys' Fees ("Lehv Decl."), Docket Entry ("DE") 65-1, ¶ 4, **Ex. A** at pp. 8, 14, DE 65-2). Plaintiff then sent more emails to SEGA, threatening an imminent lawsuit for copyright infringement. (*Id*. ¶ 4).

In April 2024, SEGA's counsel responded to Plaintiff and explained in detail that his claims were without merit: Plaintiff does not own any rights in "Live and Learn" and his claims were barred by applicable statutes of limitations. (*Id.*, Ex. A, DE 65-2). SEGA's counsel warned Plaintiff that "SEGA will seek to recover its attorneys' fees and expenses if you file a lawsuit." (*Id*.)

In June 2024, Plaintiff retained a lawyer, who contacted SEGA's counsel, claiming that Plaintiff supposedly co-owned the musical composition copyright, solely owned the sound recording copyright, and was entitled to at least $690,000 for SEGA's use of the song over the prior 23 years. (*Id*. ¶ 6). Again, SEGA's counsel patiently and repeatedly explained why those claims had no merit—including that they were barred by statutes of limitations—and why Plaintiff risked an award of attorneys' fees if he pursued those claims in federal court. (*Id*. ¶ 7). After three months of back and forth, on September 27, 2024, SEGA's counsel informed Plaintiff's counsel that there was nothing left to say, and that SEGA would not pay Plaintiff the

exorbitant sum he was demanding.[1] (*Id.* ¶ 7, **Ex. B**, DE 65-3).

## II. Plaintiff Filed This Action in the Wrong District

SEGA did not hear anything more from Plaintiff until December 5, 2024, when Plaintiff filed this action against SEGA's subsidiary, Sega of America, Inc., in the wrong court—the United States District Court for the Southern District of California.

On December 11, 2024, SEGA's counsel notified Plaintiff's counsel that the chosen venue was improper. (Lehv Decl. ¶ 8, **Ex. C** at p. 18, DE 65-4). First, Plaintiff based venue on 28 U.S.C. § 1391(b)(2), which requires that an action be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." However, Plaintiff's complaint did not describe *any* events or omissions that occurred in the Southern District and the parties have no connection to that District. (*Id.*) Second, the complaint included a claim for breach of a February 2001 service agreement (the "Service Agreement") between Plaintiff and SEGA's predecessor-in-interest, Sega of America Dreamcast, Inc, (DE 1 ¶¶ 53-57), which selects the Northern District of California as the venue for any disputes arising out of the Service Agreement. (Lehv Decl. ¶ 8, Ex. C at pp. 18-19, DE 65-4). SEGA's counsel therefore urged Plaintiff to dismiss or transfer the lawsuit to the correct District. (*Id.*, Ex. C at p. 19). Moreover, because SEGA of America was no longer headquartered in the Northern District of California—having relocated to the Central District of California—SEGA offered to agree to transfer the case to this Court. (Plaintiff's counsel is also located in this District). (*Id.* ¶ 9).

Rather than explain *why* he filed in a District completely unconnected to either party or the events alleged in the complaint, Plaintiff's counsel said: "Technically this declaratory action is arising from a copyright question and the breach of contract is a

---

[1] In determining whether to award attorneys' fees, the Court can consider the parties' communications—including settlement communications. *Ingram v. Oroudjian*, 647 F.3d 925, 927 (9th Cir. 2011); *BWP Media USA Inc. v. Rich Kids Clothing Co.*, 103 F. Supp. 3d 1242, 1247 (W.D. Wash. 2015).

secondary issue." (*Id.* ¶ 10, **Ex. E** at p. 27, DE 65-6). But he said he was willing to transfer the case to "avoid unnecessary procedural motions." (*Id.*) Instead of offering to correct his own mistake, Plaintiff's counsel left it to SEGA's counsel to draft the stipulation to transfer and file it. (*Id.* ¶ 11). SEGA had to retain local counsel to appear in the Southern District to make the transfer filings and SEGA bore all the expenses of drafting and filing the transfer documents. (*Id.*; *see also* DE 3-4, 7).

## III.    The Premium Agreement and SEGA's Further Warnings to Plaintiff

On January 14, 2025, SEGA's counsel again wrote to Plaintiff's counsel regarding the futility of Plaintiff's claims after locating a June 1, 2001, agreement between Plaintiff and SEGA (the "Premium Agreement") in which Plaintiff acknowledged that the sound recording for "Live and Learn" was a work made for hire and that SEGA owned "all right, title or interest" to the sound recording. (Lehv Decl. ¶ 13, **Ex. F** at pp. 30-31, DE 65-7). Accordingly, the Premium Agreement repudiated Plaintiff's claim of ownership of the copyright in the sound recording and Plaintiff had no reasonable basis to continue asserting such rights. SEGA's counsel urged Plaintiff counsel to drop this action, as Plaintiff was risking a potential attorneys' fees award by pursuing objectively unreasonable claims. (*Id.* Ex. F at pp. 30-31). But Plaintiff said he would proceed with this lawsuit. (*Id.* ¶ 14).

## IV.    Plaintiff's FAC, SEGA's Motion to Dismiss, and Plaintiff's Deadlines

Plaintiff filed the FAC in this Court on February 7, 2025.[2] On April 7, 2025, SEGA moved to dismiss the FAC under Rule 12(b)(6). (DE 30, the "Motion to Dismiss"). Plaintiff failed to timely oppose SEGA's Motion to Dismiss. Only after SEGA notified the Court of Plaintiff's failure, (DE 34), did Plaintiff hastily file an opposition. Plaintiff's counsel's excuse was that he made a "calendaring error." (DE 37 at p. 16). This resulted in the Court warning Plaintiff that "future late filings may have consequences." (DE 43 at p. 2 n. 1).

---

[2] The FAC dropped Sega of America as a defendant and added SEGA as the defendant in this case and also added a claim for breach of the Premium Agreement.

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES;
MEMORANDUM OF POINTS AND AUTHORITIES

On May 13, 2025, the Court granted and denied in part the Motion to Dismiss. (DE 43, the "May 13 Order"). The Court dismissed with prejudice Plaintiff's claim of ownership of the sound recording copyright as untimely, since it had been repudiated by the Premium Agreement. (*Id*. at p. 5). The Court declined, however, to consider at the pleadings stage certain documents SEGA argued constituted a repudiation of Plaintiff's claim of co-ownership of the musical composition and thus declined to dismiss as untimely Plaintiff's claim of co-ownership of the composition copyright. (*Id*. at pp. 4-5). The Court dismissed with prejudice Plaintiff's claim for breach of the Service Agreement, holding it was preempted by the Copyright Act. (*Id*. at p. 6). The Court also dismissed Plaintiff's claim for breach of the Premium Agreement as "virtually devoid of any factual allegations concerning Defendant's breach." (*Id*. at pp. 6-7). Although the Court gave Plaintiff leave to amend this claim, Plaintiff did not amend and thus forfeited his breach of contract claim entirely.

Thus, the only remaining claims were Plaintiff's claim for a declaration of co-ownership of the musical composition and derivative claims for an accounting and unjust enrichment based on that alleged co-ownership.[3]

## V.    SEGA's Warning to Plaintiff Following the May 13 Order

Following dismissal of Plaintiff's claim for breach of the Service Agreement, SEGA earned the right to collect attorneys' fees under the fee-shifting provision in Section 10.3 of the Service Agreement. (Lehv Decl. ¶ 16, **Ex. G** at p. 36, DE 65-8). In a May 23, 2025 letter, SEGA advised Plaintiff that SEGA had already spent "at least $40,000" for defending against that claim, including the fees for transferring the case to this court. (*Id.*, Ex. G at 36). Moreover, SEGA told Plaintiff that "because the Court dismissed with prejudice [Plaintiff's] claim for sole ownership of the copyright

---

[3] Plaintiff's counsel failed to appear at the May 12, 2025, Initial Scheduling Conference (DE 42), which meant that SEGA's local counsel wasted a morning attending the first and second calendar calls and then had to come back to attend the re-scheduled conference on June 2, 2025. (DE 46). Plaintiff also served his Initial Disclosures late without any explanation. (Lehv Decl. ¶ 15).

in the sound recording of the song, SEGA is the prevailing party on that claim, and, if the case goes forward, [SEGA] will seek to recover SEGA's attorneys' fees for defending against that objectively unreasonable claim under Section 505 of the Copyright Act." (*Id.* at 37).

Further, SEGA warned Plaintiff that SEGA "intend[s] to submit the credits and copyright notices for the *Cuts Unleashed* CD and the *Sonic Adventure 2* video game in an early motion for summary judgment (where the Court can unquestionably consider these materials) and ask the Court to dismiss [Plaintiff's] claim for part ownership of the musical composition copyright as untimely." (*Id.* at 36) Finally, SEGA said that if "the Court likewise dismisses that claim, SEGA will be the prevailing party on that claim as well, and [it] will seek to recover SEGA's attorneys' fees under the Copyright Act for defending against that claim, too." (*Id.* at 37).

Despite its entitlement to mandatory attorneys' fees under the Service Agreement and a highly likely award of attorneys' fees under the Copyright Act, SEGA ended its letter by offering to forego its fees if Plaintiff would dismiss what remained of his case. (*Id.*) Plaintiff declined the offer. (*Id.* ¶ 17).

**VI.   The Summary Judgment Motion and Plaintiff's Fourth Missed Deadline**

SEGA then began preparing a summary judgment motion based on its clear repudiation evidence. During the Local Rule 7-3 conference on SEGA's intended motion, SEGA once again advised Plaintiff that SEGA would forego seeking its attorneys' fees incurred to date in defending against this entire case if Plaintiff agreed to dismiss the FAC before SEGA was required to go to the expense of preparing the summary judgment motion. (Lehv Decl. ¶ 18). But Plaintiff again declined and instead sought an ownership interest in the song. (*Id.*).

On July 18, 2025, SEGA filed its motion for summary judgment. (DE 54, the "Summary Judgment Motion"). Plaintiff's opposition to the Summary Judgment Motion was due on July 28th. Plaintiff—once again—missed the deadline. On August 7, 2025, after SEGA notified the Court that Plaintiff had not opposed the motion,

Plaintiff hastily filed a Motion to Extend Time to Respond Under Rule 56(d). (DE 57, the "Motion to Extend"). Plaintiff—*who had taken no discovery in the Action*—asked that the Court reopen Plaintiff's deadline to oppose, arguing that Plaintiff's counsel's failure was the result of excusable neglect, and asked for time to conduct discovery under Rule 56(d). SEGA opposed the Motion to Extend, demonstrating that Plaintiff had failed to show excusable neglect. Plaintiff did not file a reply, thus tacitly conceding this failure.

The Court rejected Plaintiff's Motion to Extend, noting that his "explanation for his failure to file a timely opposition is cursory at best" with "no detail" regarding the circumstances allegedly preventing Plaintiff's counsel from informing the Court that he would not be able to meet the deadline. (DE 61 at p. 3). The Court also noted that Plaintiff had "already demonstrated a complete disregard for the Court's deadlines" and that "[t]his pattern of carelessness reflects a lack of diligence that goes beyond excusable neglect." (*Id.* at p. 3-4). The Court went on to hold that, even if the neglect had been excusable, Plaintiff failed to make the necessary showing under Rule 56(d) to delay decision on the Summary Judgment Motion, particularly given Plaintiff had failed to conduct any discovery. (*Id.* at p. 4).

The Court then granted the Summary Judgment Motion, finding that SEGA expressly repudiated any alleged co-ownership of the musical composition when SEGA released *Sonic Adventure 2* in 2001. (*Id.* at p. 5). On August 28, 2025, the Court entered final judgment in SEGA's favor and against Plaintiff on all claims in the FAC and dismissed the case with prejudice on the merits. (DE 63).

## ARGUMENT

### I.    Legal Standard

#### A. Section 505 of the Copyright Act

Section 505 of the Copyright Act provides: "In any civil action under this title, the court in its discretion may . . . award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. The FAC admits it "arises under the copyright laws of the

-13-

United States . . . ." (FAC ¶ 12). Moreover, the Court dismissed Plaintiff's copyright ownership claims under the Copyright Act's statute of limitations. (*See* DE 43, 63). Further, the Court held that Plaintiff's breach of the Services Agreement claim was pre-empted by the Copyright Act. (DE 43). Thus, the attorneys' fees provision of the Copyright Act applies to these claims.

Moreover, Section 505 of the Copyright Act allows for an award of attorneys' fees on state law claims that are "related" to the copyright claims—*i.e.*, if the state law claims were "based on the same allegations as the copyright claim." *Ent. Rsch. Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1230 (9th Cir. 1997); *Counts v. Meriwether*, 2016 WL 1165888, at *6 (C.D. Cal. Mar. 9, 2016). That is the case here. As the Court explained, Plaintiff's claims for an accounting and unjust enrichment were "derivative" of Plaintiff's copyright ownership claims, (May 13 Order at pp. 3, 5) and, thus, are related to the copyright claims. Finally, Plaintiff's claim for breach of the Premium Agreement was also based on the "Live and Learn" song and the Premium Agreement formed the basis for the dismissal of Plaintiff's claim of sole ownership of the sound recording copyright. (DE 43). Accordingly, these state law claims are "related" to the copyright claims and SEGA may recover its attorneys' fees under Section 505 for these claims, too.

Under Section 505, attorneys' fees are proper when either successful prosecution or successful defense of an action furthers the purposes of the Copyright Act. *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996). In determining whether an award of attorneys' fees is appropriate, Courts consider "several nonexclusive factors," including: (1) the degree of success obtained by the prevailing party; (2) the frivolousness of the losing party's claim; (3) the motivation of the losing party; (4) the objective unreasonableness of the losing party's legal and factual arguments; and (5) the need to advance considerations of compensation and deterrence. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994); *Shame on You Prods., Inc. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018). Such factors are "not exclusive and need not all be

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES;
MEMORANDUM OF POINTS AND AUTHORITIES

met." *Fantasy*, 94 F.3d at 558 (affirming award of attorneys' fees despite finding plaintiff acted in good faith and noting that "blameworthiness is not a prerequisite to awarding fees to a prevailing defendant"); *Smith v. Jackson*, 84 F.3d 1213, 1221 (9th Cir. 1996) (affirmed award of attorneys' fees despite finding claim was not frivolous).

Courts should give "substantial weight" to the "objective reasonableness" factor. *Shame on You Prods.*, 893 F.3d at 666; *see also Sandy v. Paramount Pictures Corp.*, 2025 WL 659214, at *2 (C.D. Cal. Feb. 14, 2025) (Klausner, J.) (same). In all cases, the court should consider "whether an award will further the purposes of the [Copyright] Act." *Mattel, Inc. v. MGA Ent., Inc*., 705 F.3d 1108, 1111 (9th Cir. 2013). "The Act's ultimate aim is . . . to stimulate artistic creativity for the general public good." *Id*. "That aim is furthered when defendants 'advance a variety of meritorious copyright defenses.'" *Id*. (quoting *Fogerty*, 510 U.S. at 527).

## II.    SEGA Is Entitled to Attorneys' Fees Under § 505

### A. SEGA is the Prevailing Party

Here, SEGA prevailed:  the Court dismissed all claims in the Motion to Dismiss and the Motion for Summary Judgment. SEGA is thus eligible for attorneys' fees.

### B. An Award of Attorneys' Fees is Appropriate

All the relevant factors favor an award of attorneys' fees to SEGA.

#### 1.    Degree of Success Obtained

Courts in the Ninth Circuit have regularly found that a defendant's successful motion to dismiss or for summary judgment constitutes a complete success on the merits. *See, e.g.*, *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 890 (9th Cir. 1996); *Shame on You Prods.*, 893 F.3d at 668-69; *Gilbert v. New Line Prods., Inc.*, 2010 WL 5790688, at *2 (C.D. Cal. Dec. 6, 2010) (Klausner, J.), *rev'd in part on other grounds by* 490 F. App'x 34 (9th Cir. 2012); *Ford v. Ray*, 130 F. Supp. 3d 1358, 1364 (W.D. Wash. 2015).

Here, SEGA successfully obtained dismissal of all claims. Accordingly, this factor weighs in favor of granting SEGA attorneys' fees. *Sandy*, 2025 WL 659214, at

*2 ("Defendant meets the degree of success factor because Plaintiff's claims were dismissed").

### 2.    Objective Unreasonableness

Objective unreasonableness is the most important factor and weighs in SEGA's favor. "A claim is objectively unreasonable where the party advancing it should have known from the outset that its chances of success in the case were slim to none." *Perfect 10, Inc. v. Giganews, Inc.*, 2015 WL 1746484, at *11 (C.D. Cal. Mar. 24, 2015) (citation omitted).

Bringing a copyright ownership claim 23 years after the ownership allegedly arose is objectively unreasonable. *See, e.g.*, *Bridgeport Music, Inc. v. Diamond Time, Ltd.*, 371 F.3d 883, 895 (6th Cir. 2004) (affirming attorneys' fees and explaining "it was objectively unreasonable for plaintiffs to have argued that the claims against [defendant] were not time barred"); *Ford*, 130 F. Supp. 3d at 1364 ("An award of fees is appropriate to deter [the] unsupported and untimely claims" of copyright co-ownership advanced by the plaintiff); *Zamoyski v. Fifty-Six Hope Rd. Music Ltd.*, 767 F. Supp. 2d 218, 223 (D. Mass. 2011) ("Simply put, it was not objectively reasonable for [plaintiff] to believe that he could overcome the . . . statute of limitations defense."); *Mahan v. Roc Nation, LLC*, 2015 WL 4388885, at *2 (S.D.N.Y. July 17, 2015) (finding "claims were objectively without merit" where plaintiff filed its claim "more than ten years after the claims had accrued"), *aff'd*, 634 F. App'x 329 (2d Cir. 2016). Moreover, when a plaintiff presses forward despite warnings that the claims were time-barred, plaintiff's claim is more likely to be found objectively unreasonable. *Goldberg v. Cameron*, 2011 WL 3515899, at *4 (N.D. Cal. Aug. 11, 2011).

Here, as the Court determined, Plaintiff's copyright ownership claims were repudiated *more than two decades ago*. First, Plaintiff's claim of ownership in the sound recording copyright was repudiated in June 2001 in the Premium Agreement—a document Plaintiff himself signed, acknowledging that SEGA owns all right, title,

and interest in the sound recording. (May 13 Order at p. 5). Second, Plaintiff's claim of co-ownership in the musical composition copyright was likewise repudiated in 2001 when the *Sonic Adventure 2* video game was released. (DE 61 at p. 5). Plaintiff knew that "Live and Learn" was on *Sonic Adventure 2* and the "Music and Lyric" credits for the game make no mention of Plaintiff at all. (*Id.*) Further, Plaintiff *admitted* that SEGA had never paid Plaintiff any royalties on the musical composition in twenty-three years after the song first appeared in the video game. That should have been a tip-off that SEGA did not regard Plaintiff as a co-owner. For all these reasons, Plaintiff's belated pursuit of ownership was objectively unreasonable.

Plaintiff also advanced a breach of the Premium Agreement claim that was "virtually devoid of any factual allegations" concerning the alleged breach. (May 13 Order at p. 7). Plaintiff's failure to cure the defects, despite being granted leave to do so, is a tacit admission that the claim was unreasonable from the start.

Finally, SEGA *repeatedly* warned Plaintiff that his claims were meritless and gave him numerous chances to dismiss the claims to avoid an attorneys' fees award. But Plaintiff nonetheless continued to pursue the lawsuit. Accordingly, this factor weighs in SEGA's favor.

### 3.    Frivolousness/Improper Motivation

Whether the claim was frivolous and whether the plaintiff had an improper motive are often discussed together. The "intent to force Defendants to expend significant resources on litigation in order to coerce a settlement" may demonstrate bad faith. *Shame on You Prods., Inc. v. Banks*, 2016 WL 5929245, at *5 (C.D. Cal. Aug. 15, 2016), *aff'd*, 893 F.3d 661 (9th Cir. 2018). Moreover, waiting to assert ownership until many years after such ownership has been repudiated—and once the work in question has appreciated in value—is evidence of improper motivation and a frivolous claim. *See Ford*, 130 F. Supp. 3d at 1364 (holding that plaintiff's copyright ownership claim was "frivolous or, at the very least, motivated by an unfair desire to cash in on the efforts of another" given he "remained silent for two decades, never

1  asserting that he was an author until a lucrative license was obtained by defendant").

2       Further, "failure to cooperate" with the opposing party, "while simultaneously

3  refusing to actively participate in th[e] litigation, shows a clear motivation only for

4  monetary gain." *Marcus v. ABC Signature Studios, Inc.*, 2017 WL 5592470, at *4

5  (C.D. Cal. Nov. 20, 2017). Bad faith can also be inferred from a claim's objective

6  unreasonableness. *Goldberg*, 2011 WL 3515899, at *6.

7       Here, SEGA has enjoyed commercial success in use and licensing of "Live and

8  Learn" for 23 years. Plaintiff asserted no rights in 2001. Instead, he waited until 2024

9  and then demanded payment "in the range of $800,000." (*Supra* 6). Further, Plaintiff's

10 and Plaintiff's counsel's conduct throughout this litigation has appeared motivated to

11 merely drive up SEGA's litigation costs. For example, Plaintiff's counsel chose to file

12 in the Southern District of California for no apparent reason and then forced SEGA

13 to bear the expense of transferring venue to this Court. (*Supra* 7-8). Plaintiff's counsel

14 has also repeatedly missed deadlines, driving up SEGA's litigation costs by forcing

15 SEGA to write unnecessary filings or responses because of Plaintiff's counsel's

16 failures (*see e.g.*, DE 34) and attend multiple hearings (DE 42; DE 47). Accordingly,

17 these factors favor SEGA.

18           **4.     Deterrence/Compensation**

19       Considerations of compensation and deterrence are advanced when an award

20 of attorneys' fees "both encourages Defendant and others to defend against meritless

21 claims instead of paying nuisance settlements, and deters Plaintiff and others from

22 unreasonably litigating future copyright claims." *Sandy*, 2025 WL 659214, at *3.

23 Indeed, "Courts recognize that deterring non-meritorious lawsuits against defendants

24 seen as having 'deep pockets' and compensating parties that must defend themselves

25 against meritless claims are both laudable ends." *Marcus*, 2017 WL 5592470, at *4.

26       Thus, if a plaintiff turns down a reasonable offer to walk away from a meritless

27 lawsuit without having to pay defendant's attorneys' fees and instead tries to extract

28 a settlement payment—as Plaintiff did in this case—attorneys' fees are warranted. *Id.*

at *5. Additionally, when defendant tries to educate plaintiff on the governing law and points out the flaws in plaintiff's lawsuit—as SEGA repeatedly did here—this factor favors defendant. *DuckHole Inc. v. NBCUniversal Media LLC*, 2013 WL 5797204, at *4 (C.D. Cal. Oct. 25, 2013); *Scott v. Meyer*, 2010 WL 2569286, at *3 (C.D. Cal. June 21, 2010).

In *Goldberg*, the Court found that plaintiff's claims were "time-barred and meritless" and thus as an award of fees "would deter other plaintiffs from bringing meritless, objectively unreasonably claims." 2011 WL 3515899, at * 6. The Court said that fees were "especially [appropriate] where defendants and the court expended substantial resources due to [plaintiff's] continual failure to meet deadlines and do things on time." *Id.* The same is true here.

Moreover, Plaintiff, like the plaintiff in *Marcus*, repeatedly turned down reasonable offers by SEGA to forego seeking its attorneys' fees if Plaintiff would simply discontinue his meritless claims. Instead, Plaintiff continued to demand large sums of money from SEGA and continued to ask for part ownership of the copyright and a monetary payment. (*Supra* 6-10). And, as in *Goldberg*, SEGA and the Court expended extra resources due to Plaintiff's counsel's inability to meet deadlines. Awarding attorneys' fees would both compensate SEGA for those excess costs and deter Plaintiff and his counsel from similar conduct in the future. This factor favors an award of fees.

In sum, all of the relevant factors weigh in SEGA's favor. Accordingly, SEGA should be awarded its reasonable attorneys' fees.

## III.    SEGA Is Entitled to Attorneys' Fees Under the Service Agreement

In addition, SEGA is entitled to a mandatory award of attorneys' fees for defending Plaintiff's claim for breach of the Service Agreement under Section 10.3 of that agreement, which states: "In the event it is necessary for either party to retain the services of an attorney or attorneys to . . . file an action to enforce any of the terms [of this Agreement], or to defend any such action, then the prevailing party in any

such action *shall be entitled* to recover from the other party its reasonable fees for attorneys . . . ." (Lehv Decl., **Ex. D** at p. 24, DE 65-5).

California state law governs the enforceability of attorneys' fees in contractual provisions. *See Grumpy Cat Ltd. v. Grenade Beverage LLC*, 2018 WL 6131175, at *2 (C.D. Cal. Aug. 21, 2018). California law provides:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

*Id.* (quoting Cal. Civ. Code § 1717). "The only proof that must be made to show entitlement to attorney's fees under § 1717 is the existence of a valid contractual provision that specifically provides that attorney's fees and costs incurred to enforce the contract shall be awarded to either of the parties." *Indigo Grp. USA, Inc. v. Polo Ralph Lauren Corp.*, 2014 WL 1257338, at *2 (C.D. Cal. Mar. 17, 2014).

Thus, SEGA entitled to attorneys' fees under Section 505 and under Section 10.3 of the Services Agreement.

## IV.    SEGA's Attorneys' Fees Are Reasonable

SEGA seeks $366,007.50 ($324,632.50 for lead counsel Fross Zelnick Lehrman & Zissu, P.C.'s ("FZLZ") fees, and $ 41,345 for local counsel Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet LLP's ("CMN") fees and filing costs for *pro hac vice* applications) for its total reasonable fees incurred from December 2024 through September 9, 2025 (including fees incurred in preparing this motion). (Declaration of Jason D. Jones in Support of SEGA's Motion for Attorneys' Fees ("Jones Decl."), DE 65-9, ¶¶ 4, 9, **Ex. H**, DE 65-10; Declaration of Kevin R. Lussier in Support of SEGA's Motion for Attorneys' Fees ("Lussier Decl."), DE 65-11 ¶¶ 6-7, **Ex. I**, DE 65-12); *see Cheddar Creations, Inc. v. Pawico*, 2024 WL 1346856, at

*12 (W.D. Wash. Mar. 31, 2024) (awarding local counsel's fees under Section 505); *Marcus*, 2017 WL 5592470, at *6 (awarding fees under Section 505 for preparation of motion for attorneys' fees). If Plaintiff files an opposition to this motion, and SEGA files a reply, SEGA will submit documentation for its fees for drafting the reply.

The Jones Declaration attaches copies of FZLZ's invoices for fees from December 1, 2024 through September 9, 2025. (Jones Decl. ¶ 9, Ex. H.) The Lussier Declaration attaches copies of CMN's invoices for fees from December 1, 2024 through August 31, 2025, and states the hours spent by CMN from September 1 to 9, 2025. (Lussier Decl. ¶ 6, Ex. I). All of these invoices except the most recent (for the months of June through September 2025) have been paid in full by SEGA, and as to the rest FZLZ and CMN expect them to be paid in full.

The invoices detail the number of hours spent—389.3 hours for FZLZ attorneys and 78.1 hours for CMN attorneys and paralegals—along with the hourly rate for each attorney and paralegal who has spent time on this litigation. The fees and costs calculated from the invoices total $366,007.50 ($324,632.50 for FZLZ and $41,345 for CMN). (*Id.*).[4] The invoices contain some redactions to protect privilege, but the unredacted portions provide sufficient detail to determine the reasonableness of the hours requested. *Shame on You Prods.*, 2016 WL 5929245, at *16.

To calculate reasonable attorneys' fees, federal courts use the "lodestar approach." *Sandy*, 2025 WL 659214, at *3 (citing *City of Burlington v. Dagtte*, 505 U.S. 557, 559-60 (1992)). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.* "[I]n determining the reasonableness of an attorney's rate, the Court must review the prevailing market rates

---

[4] FZLZ is not seeking to recover its expenses/costs (which is why they are stricken from FZLZ's invoices). FZLZ's invoices included CMN's fees (so that FZLZ's and CMN's fees appeared on a single monthly invoice and once SEGA paid both, FZLZ remitted payment to CSM). Accordingly, on this motion FZLZ has stricken the amounts for CMN fees from FZLZ's invoices—since CMN's fees are shown on CMN's invoices submitted with the Lussier Declaration. (Jones Decl. ¶ 9).

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES;
MEMORANDUM OF POINTS AND AUTHORITIES

in the relevant community." *Shame on You Prods.*, 2016 WL 5929245, at *14. "The proper rate to employ in computing fees is that which a lawyer of comparable skill, experience and reputation would command in the relevant community." *Id.* District courts may rely "on their own knowledge of customary rates and their experience concerning reasonable and proper fees." *Ingram*, 647 F.3d at 928.

Here, FZLZ and CSM's hourly rates are comparable to "similarly situated counsel with experience and background in copyright infringement within the Los Angeles area." *Sandy*, 2025 WL 659214, at *3. This is shown in the Lussier and Jones Declarations, as well as by other recent copyright cases in this District (discussed below) that have found similar rates to those of FZLZ and CMN to be reasonable.

FZLZ's economical rates, efficient staffing, and intellectual property expertise have been noted by other federal district courts. For example, in *Crown Awards, Inc. v. Discount Trophy & Co.*, the Court held:

> Fross Zelnick's hourly rates for legal services have repeatedly been found to be fair by courts evaluating them. Moreover, Fross Zelnick staffs its cases very efficiently . . . . This reduce[s] the cost to [FZLZ's client] and keeps Fross Zelnick's fees reasonable. Additionally, the number of hours spent on the litigation is reasonable. As a result of Fross Zelnick's expertise in the field of copyright law, it does not expend any extra time to understand the issues involved in a copyright case, and therefore spends only a reasonable number of hours to litigate the case.

564 F. Supp. 2d 290, 298 (S.D.N.Y. 2008); *see* Jones Decl. ¶ 17 (listing FZLZ awards).

Moreover, the current hourly rate charged by FZLZ Partner Jason D. Jones ($890 an hour), Senior Litigation Counsel Richard Z. Lehv ($995 an hour), and Associate Courtney B. Shier ($570 an hour) (*see* Jones Decl. ¶¶ 11-14), are on par with the rates for similarly situated counsel from nationally-recognized law firms in the Los Angeles area that have recently been approved in this District. *See, e.g.*,

*Amazon Content Servs. LLC v. DeBarr*, 2025 WL 2553333, at *1 (C.D. Cal. Aug. 8, 2025) (finding rates of $885-$1,090 an hour for partners and a rate of $620-680 an hour for a fourth-year associate in a copyright case to be "reasonable and in line with the prevailing market rates"); *Providence Publ'ns, LLC v. NBC Universal Media, LLC*, 2025 WL 1766338, at *4 (C.D. Cal. June 18, 2025) (finding partner rate of $845.75 an hour and associate rate of $663 an hour to be reasonable given the Court's "familiar[ity] with the hourly rates of attorneys in Los Angeles" and "the years of experience and qualifications of counsel").

CMN's rates are also reasonable, given they are even lower than the reasonable rates charged by FZLZ. (Lussier Decl. ¶ 4).

The amount of time spent litigating this case by FZLZ and CMN—a total of 467.4 hours—is also reasonable. This is a reasonable amount of time given all that was done—as detailed in this Jones Declaration. Indeed, FZLZ's and CMN's total number of hours is actually less than the number of hours Courts have found to be reasonable to get a case from initiation to a successful summary judgment motion. *See, e.g.*, *Gilbert*, 2010 WL 5790688, at *5 (finding 3,278.8 hours to be a reasonable amount of time spent litigating a copyright case to summary judgment); *Providence Publ'ns*, 2025 WL 1766338, at *4 (same for 818.2 hours).

Therefore, because of the reasonableness of FZLZ's and CMN's fees, the Court should award SEGA its entire fees (including the fees associated with the preparation of this motion). *See Providence Publ'ns*, 2025 WL 1766338, at *6 (awarding $420,505.96 in attorneys' fees following successful summary judgment motion); *Gilbert*, 2010 WL 5790688, at *6 ($801,130 for same); *see also Shame on You Prods.*, 2016 WL 5929245, at *19 ($315,669.75 for successful motions for judgment on the pleadings and to dismiss pursuant to Rule 12(b)(6)).

## **CONCLUSION**

For the foregoing reasons, SEGA's Motion for Attorneys' Fees should be granted, and SEGA should be awarded attorneys' fees in the amount of $366,007.50.

-23-

1

DATED: September 11, 2025

**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET LLP**

2

3

4

By: */s/ Kevin R. Lussier*
Kevin R. Lussier
Suhail Rajakumar

5

6

7

Jason D. Jones (pro hac vice)
Richard Z. Lehv (pro hac vice)
Courtney B. Shier (pro hac vice)
**FROSS ZELNICK LEHRMAN &
ZISSU, P.C.**

8

9

10

11

Attorneys for Defendant
SEGA CORPORATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-24-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant, SEGA CORPORATION, certifies that this brief contains 5,598 words, which complies with the word limit set by court order dated February 5, 2025.

DATED: September 11, 2025        **CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET LLP**


By: */s/ Kevin R. Lussier*
Kevin R. Lussier
Suhail Rajakumar

Jason D. Jones (pro hac vice)
Richard Z. Lehv (pro hac vice)
Courtney B. Shier (pro hac vice)
**FROSS ZELNICK LEHRMAN & ZISSU, P.C.**

Attorneys for Defendant
SEGA CORPORATION

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES