**CRUSER, MITCHELL, NOVITZ,
SANCHEZ, GASTON & ZIMET LLP**
Kevin R. Lussier (SBN 143821)
klussier@cmlawfirm.com
Suhail Rajakumar (SBN 327595)
srajakumar@cmlawfirm.com
800 Wilshire Boulevard, 15th Floor
Los Angeles, CA  90017
213-689-8500 (phone)
213-689-8501 (fax)

**FROSS ZELNICK LEHRMAN & ZISSU, P.C.**
Jason D. Jones (pro hac vice)
jjones@fzlz.com
Richard Z. Lehv (pro hac vice)
rlehv@fzlz.com
Courtney B. Shier (pro hac vice)
cshier@fzlz.com
151 W. 42nd Street, 17th Floor
New York, NY 10036
Tel: (212) 813-5900
Fax: (212) 813-5901

Attorneys for Defendant
SEGA CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GIOELI,<br><br>            Plaintiff,<br>    v.<br><br>SEGA CORPORATION,<br><br>            Defendant. | Case No. 2:25-cv-00732 RGK (MAAx)<br><br>**DECLARATION OF JASON D. JONES IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEYS' FEES**<br><br>Date:  October 14, 2025<br>Time:  9:00 am<br>Courtroom: 850, 8th Floor<br>Judge: Hon. R. Gary Klausner |

-1-
DECLARATION OF JASON D. JONES IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEYS' FEES

## **DECLARATION OF JASON D. JONES**

I, Jason D. Jones, declare as follows:

1. I am an attorney licensed to practice before the Courts of the State of New York and am admitted *Pro Hac Vice* to this Court for the purpose of participating in this matter on behalf of Defendant SEGA Corporation ("SEGA"). I am a partner at Fross Zelnick Lehrman & Zissu, P.C., counsel of record for SEGA.

2. The matters stated herein are true of my personal knowledge and, if called as a witness, I could and would competently testify thereto. I am over the age of eighteen years.

3. I make this Declaration in support of SEGA's Motion for Attorneys' Fees (Docket Entry ("DE") 65, the "Motion").

4. As set forth below, SEGA seeks its reasonable attorneys' fees in the amount of $366,007.50 ($324,632.50 for lead counsel Fross Zelnick Lehrman & Zissu, P.C.'s ("FZLZ") fees, and $41,345 for local counsel Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet LLP's ("CMN") fees and filing costs for *pro hac vice* applications) incurred in connection with this action from December 1, 2024 through September 9, 2025 (including fees incurred in preparing this motion). CMN's fees and invoices are detailed in the separately filed Declaration of Kevin R. Lussier ("Lussier Decl.").

5. I am a partner in FZLZ's litigation group and have been a Partner since 2017. I earned my J.D. from the University of Texas School of Law in 2004 (Order of the Coif). I have extensive experience litigating matters involving copyright and trademark infringement throughout the United States. Before joining FZLZ in 2008, I was an Associate at Paul, Weiss, Rifkind, Wharton & Garrison, LLP in New York and prior to that I served as a law clerk to Chief Judge Vaughn R. Walker of the United States District Court for the Northern District of California. At times throughout this litigation, I enlisted the assistance of Senior Litigation Counsel and an Associate to assist in the litigation efforts.

6. Richard Lehv is the Senior Litigation Counsel at FZLZ. Mr. Lehv was a Partner in FZLZ's litigation group from 1982 until 2019. Mr. Lehv earned his J.D. from Columbia Law School in 1972 (Harlan Fiske Stone Scholar). Mr. Lehv has been a litigator for over 40 years and has extensive experience litigating matters involving copyright and trademark infringement throughout the United States. Mr. Lehv was for many years a lecturer at Columbia Law School, where he taught a seminar on copyright and trademark litigation.

7. Courtney Shier is a fourth-year associate in FZLZ's litigation group. Ms. Shier earned her J.D. from the University of Michigan School of Law in 2021. Before joining FZLZ in 2024, Ms. Shier was an Associate at Jenner & Block LLP in Chicago and in New York. Ms. Shier represents a variety of clients in copyright and trademark matters.

8. All of FZLZ's invoices to SEGA in connection with this case were based on contemporaneous time records kept by my firm in the regular course of its business. Our practice is for lawyers to make computer entries each day of their time spent, in tenths of hours, on billable matters, with descriptions of the services rendered. These time records are then entered into a computer database that is maintained by FZLZ's accounting and billing department and used to create monthly bills. Subject to slight editing, such as the correction of typographical errors and any reduction in hours, these time records normally become the invoices we send to our clients. We also show expenses on the invoice, including but not limited to Westlaw. We send out the invoices in the month following the month in which the services are rendered, or otherwise indicate on the invoice the period it covers if it is not for a whole month. In addition, each invoice contains a summary of the total hours spent during the month by each attorney, the individual's billing rate, and the product (in dollars) of the hours multiplied by the billing rate to arrive at the total amount due for fees and expenses.

9. Attached hereto as **Exhibit H** are copies of the invoices that detail, for

-3-
DECLARATION OF JASON D. JONES IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEYS' FEES

every month of this litigation (including a partial bill covering September 1 through 9, 2025) for which FZLZ performed services; the time billed by FZLZ attorneys on this matter; the identity of the timekeeper; the timekeeper's rate(s); and a description of the services.[1] FZLZ is not seeking to recover its expenses (which is why they are stricken from FZLZ's invoices in Exhibit H). Moreover, FZLZ's invoices included CMN's fees (so that FZLZ's and CMN's fees appeared on a single monthly invoice and, once SEGA paid both, FZLZ remitted payment to CSM). Accordingly, on the invoices in Exhibit H, FZLZ has stricken the amounts for CMN fees—since CMN's fees are shown on CMN's invoices submitted with the Lussier Declaration. SEGA has paid all these invoices except the bills for June through September 2025, and we expect it will pay those bills as well.

10. If Plaintiff files an opposition to the Motion, we will submit a supplementary declaration showing our fees for reviewing the opposition and drafting a reply.

11. The following chart accurately summarizes the time billed by myself and my colleagues in connection with this matter for which SEGA seeks attorneys' fees. The rates identified below are reasonable in light of the experience level and backgrounds of the professionals assigned to represent SEGA in this matter:

---

[1] Some descriptions of services have been redacted to prevent disclosure of privileged information. If necessary, SEGA is prepared to submit unredacted versions of the invoices for *in camera* review.

| Year Worked | Timekeeper Name and Title | No. of Hours Worked | Hourly Billing Rate | Total Fees |
|---|---|---|---|---|
| 2024 | Jones, Jason (Partner) | 22.3 | $800.00 | $17,840.00 |
|  | Lehv, Richard (Senior Counsel) | 24.4 | $895.00 | $21,838.00 |
|  | Shier, Courtney (Associate) | 3.5 | $565.00 | $1,977.5 |
| 2024 Total |  | 50.2 |  | $41,655.50 |
| 2025 | Jones, Jason (Partner) | 168.7 | $890.00 | $150,143.00 |
|  | Lehv, Richard (Senior Counsel) | 82.5 | $995.00 | $82,087.50 |
|  | Shier, Courtney (Associate) | 76.2 | $570.00 | $43,434.00 |
|  | Shier, Courtney (Associate) | 11.7 | $625.00 | $7,312.50 |
| 2024 Total |  | 339.1 |  | $282,977.00 |
| **Total** |  | **389.3** |  | **$324,632.50** |

12. As set forth above, I have billed 191 hours in connection with this litigation through September 9, 2025, for a total fee of $167,983.00, at an hourly rate of $800 (in December 2024) and $890 (in 2025).

13. Mr. Lehv billed 106.9 hours in connection with this litigation through September 9, 2025, for a total fee of $103,925.50, at an hourly rate of $895 (in December 2024) and $995 (in 2025).

14. Ms. Shier billed 91.4 hours in connection with this litigation through September 9, 2025, for a total fee of $52,724.00, at an hourly rate of $565 (in December 2024) and an hourly range of $570 to $625 (in 2025).

15. The work by SEGA's counsel to successfully defend against Plaintiff's claims can be grouped into four main categories: (1) investigating Plaintiff's claims in the original complaint and FAC and other miscellaneous litigation tasks, including researching potential bases for dismissal and affirmative defenses, attending scheduling conferences (including the make-up conference following Plaintiff's

counsel's failure to attend), drafting the original and amended Rule 16 report to submit to the Court in advance of the scheduling conferences, and drafting initial disclosures; (2) transferring the lawsuit from the Southern District to the Central District to this Court, including drafting a letter to Plaintiff regarding his failure to file in the proper venue, retaining local counsel to appear in the Southern District, and research and drafting and filing all of the necessary transfer documents, as well as factual research and correspondence with Plaintiff's counsel about dropping Sega of America as a defendant and filing an amended complaint once the case got to this Court (since Plaintiff sued the wrong SEGA entity as the original defendant in the case); (3) tasks associated with the lead up to and preparation of filing SEGA's Motion to Dismiss (including researching SEGA's legal arguments, drafting motion papers, drafting declarations and organizing exhibits, communications with the client, conferences with opposing counsel, drafting the notice of Plaintiff's failure to respond, and drafting a reply after Plaintiff submitted his belated opposition); and (4) tasks associated with the lead up to and preparation of filing SEGA's Summary Judgment Motion (including researching legal arguments, drafting motion papers, drafting a declaration for the client and organizing exhibits for the same, communications with client, conferences with opposing counsel, and drafting opposition papers to Plaintiff's Motion to Extend).

16. I believe the billing rates charged by myself and my colleagues to be commensurate with, or below, rates charged for other similarly qualified attorneys at law firms with copyright expertise in markets with a high cost of living such as Los Angeles. *See also* Lussier Decl. ¶ 5.

17. FZLZ's economical rates, efficient staffing, and intellectual property expertise have been noted by other federal district courts. For example, in *Crown Awards, Inc. v. Discount Trophy & Co.*, the Court held:

> Fross Zelnick's hourly rates for legal services have repeatedly been found to be fair by courts evaluating them. Moreover, Fross Zelnick

> staffs its cases very efficiently . . . . This reduce[s] the cost to [FZLZ's client] and keeps Fross Zelnick's fees reasonable. Additionally, the number of hours spent on the litigation is reasonable. As a result of Fross Zelnick's expertise in the field of copyright law, it does not expend any extra time to understand the issues involved in a copyright case, and therefore spends only a reasonable number of hours to litigate the case.

564 F. Supp. 2d 290, 298 (S.D.N.Y. 2008); *see also Times Mirror Magazines, Inc. v. Field & Stream Licenses Co.*, 294 F.3d 383, 390 (2d Cir. 2002) (trademark and contract dispute); *J&J Snack Foods, Corp. v. Earthgrains Co.*, 2003 WL 21051711, at *7 (D.N.J. May 9, 2003) (trademark); *Tri-Star Pictures, Inc. v. Unger*, 42 F. Supp. 2d 296, 304-05 (S.D.N.Y. 1999) (trademark).

18. I also believe that the time spent litigation this case—a total of 467.4 hours between both FZLZ and CMN—is also reasonable given all the work that was done by SEGA's counsel in this case, as detailed above.

I declare under penalty of perjury of the laws of the United States of America that the above is true and correct.

Executed on September 11, 2025, in New York, New York.

By: */s/ Jason D. Jones*
Jason D. Jones