UNITED STATES DISTRICT COURT                    closed
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-00732-RGK-MAA | | Date | October 23, 2025 |
|---|---|---|---|---|
| Title | *John Gioeli v. Sega of America, Inc.* | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

| Proceedings: | (IN CHAMBERS) Order Re: Defendant's Motion for Attorneys' Fees and Costs [67] |
|---|---|

## I.    INTRODUCTION

On December 12, 2024, John Gieoli ("Plaintiff") filed a Complaint for claims arising under The Copyright Act, 17 U.S.C. §§ 101–810 (ECF No. 1.) This Court granted in part Sega Corporation's ("Defendant") Motion to Dismiss on May 13, 2025 and then resolved all remaining claims in Defendant's favor by granting Defendant's Motion for Summary Judgment on August 22, 2025. (ECF 43; 61.) The Court now considers Defendant's Motion for Attorney's Fees against Plaintiff. (ECF No. 67.)

For the following reasons, the Court **GRANTS** the Motion, awarding Defendant $364,477.50 in attorney's fees and $1,500 in costs, for a total of **$365,977.50**.

## II.    JUDICIAL STANDARD

"The general rule in our legal system is that each party must pay its own attorney's fees and expenses." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 550 (2010). However, in an action brought under The Copyright Act, "the court in its discretion may award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505.

In awarding attorney's fees pursuant to § 505, courts should consider "several nonexclusive factors," which include (1) the frivolousness of the losing party's claim; (2) the motivation of the losing party; (3) the objective unreasonableness of the losing party's legal and factual arguments; and (4) the need in particular circumstances to advance considerations of compensation and deterrence. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994); *Shame on You Prods., Inc. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018). The court should "giv[e] substantial weight to the reasonableness of [the losing party's] litigating position, but also tak[e] into account all relevant factors." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 210 (2016).

UNITED STATES DISTRICT COURT

closed

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00732-RGK-MAA | | Date | October 23, 2025 |
|---|---|---|---|---|
| Title | *John Gioeli v. Sega of America, Inc.* | | | |

After a party shows that they are entitled to attorney's fees, the Court determines a reasonable fee award. In the Ninth Circuit, district courts calculate an award of attorney's fees by calculating the "lodestar." *See Caudle v. Bristow Optical Co. Inc.*, 224 F.3d 1014, 1028 (9th Cir. 2000). The "lodestar" amount is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate. *Id.*

## III.   DISCUSSION

Plaintiff is the "prevailing party" for purposes of § 505, which Defendant does not contest.

The Court first addresses whether Defendant is entitled to reasonable attorney's fees under the *Fogerty* test. After weighing the respective factors, which result in Defendant's favor, the Court then addresses the reasonableness of the asserted fees. The Court finds Defendant's estimate of fees to be reasonable.

### A.   Defendant is Entitled to Reasonable Attorney's Fees

#### 1.   Frivolousness and Improper Motivation

The Court first considers the first two factors of frivolousness and improper motivation: "[t]he existence of bad faith or an improper motive in bringing or pursuing an action weighs in favor of an award of fees to a prevailing party." *See Marcus v. ABC Signature Studios, Inc.*, 2017 WL 5592470, at *4 (C.D. Cal. Nov. 20, 2017) (citing *Frost–Tsuji Architects v. Highway Inn, Inc.*, 2015 WL 5601853, at *7 (D. Haw. Sept. 23, 2015)). "A finding of bath faith can be based . . . on the conduct of the litigation." *Id.*

Plaintiff continuously missed deadlines and demonstrated a pattern of bad faith in this case. Even after the Court subsequently warned Plaintiff that "future late filings may have consequences," following Plaintiff's untimely opposition to Defendant's Motion to Dismiss, Plaintiff again failed to file a timely opposition to Defendant's Motion for Summary Judgment. (*See* Mot. Dismiss Order at 2 n.1, ECF No. 43.); Mot. Summary Judgement Order at 4, ECF No. 61.) Additionally, Plaintiff failed to appear for the May 12, 2025 scheduling conference, causing the Court to issue an Order to Show Cause. (Mins. Scheduling Conference, ECF No. 41.) Plaintiff also served his Initial Disclosures late without explanation. (Lehv Decl. ¶ 15, ECF No. 67-1) and did not serve any discovery requests, even two months after discovery opened. (Lehv Dec ¶ l, ECF No. 59-1.)

As this Court previously mentioned, "[t]his pattern of carelessness reflects a lack of diligence that goes beyond excusable neglect." (Mot. Summary Judgment Order at 4). Plaintiff's failure to actively participate in litigation is evidence of bad faith, weighing in favor of awarding Defendant attorney's fees.

UNITED STATES DISTRICT COURT                    closed
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-00732-RGK-MAA | | Date | October 23, 2025 |
|---|---|---|---|---|
| Title | *John Gioeli v. Sega of America, Inc.* | | | |

### 2. *Objective Reasonableness*

The Court next considers the third factor: objective reasonableness. A claim is objectively unreasonable where the proponent of the claim "should have known from the outset that its chances of success in [the] case were slim to none." *SOFA Entertainment, Inc. v. Dodger Prods., Inc.,* 709 F.3d 1273, 1280 (9th Cir. 2013).

Plaintiff brought this action over two decades after his claims of ownership in the sound recording copyright and co-ownership in the musical composition copyright accrued. (*See* Mot. Dismiss Order at 5; Mot. Summary Judgment Order at 5.) Considering The Copyright Act statute of limitations is "three years after the claim accrued," 17 U.S.C. § 507(b), it was objectively unreasonable for Plaintiff to believe that he could overcome the statute of limitations twenty-three years later.

This Court previously found Plaintiff's claim that Defendant breached the Nippon agreement to be "virtually devoid of any factual allegations." (*See* Mot. Dismiss Order at 7.) Even after the Court granted Plaintiff leave to amend, Plaintiff failed to amend the complaint to include additional factual allegations, essentially conceding the claim. While "a legal argument that loses is not necessarily unreasonable," Plaintiff failed to even make *a* coherent legal argument in the first place, demonstrating the objective unreasonableness of his claim. *Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018).

### 3. *Compensation and Deterrence*

Finally, awarding attorney's fees to Defendant "encourages Defendant . . . to defend against meritless claims instead of paying nuisance settlements, and deters Plaintiff and others from unreasonably litigating future copyright claims." *Sandy v. Paramount Pictures Corp.*, 2025 WL 659214, at *3 (C.D. Cal. Feb. 14, 2025). Awarding Defendant attorney's fees in this case would deter future plaintiffs from bringing time-barred and objectively unreasonable claims, as well as prevent future plaintiffs from expending significant court resources by failing to appear or meet deadlines.

In sum, the factors weigh in favor of awarding Defendant attorney's fees.

### B. **Defendant's Estimate of Attorney's Fees is Reasonable**

Defendant is entitled to its reasonable attorney's fees. Defendant requests $364,477.50 in attorney's fees. Defendant was represented by two partners, one senior counsel, and three associates. The Court addresses the reasonableness of Defendant's hourly rates and hours expended in turn.

UNITED STATES DISTRICT COURT          closed
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-00732-RGK-MAA | Date | October 23, 2025 |
|---|---|---|---|
| Title | *John Gioeli v. Sega of America, Inc.* | | |

#### A.    Hourly Rates

Defendant "bears the burden of documenting the appropriate hours expended in litigation and must submit evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992). Such evidence can include attorney declarations and rate determinations in other cases. *Harlow v. Metro. Life Ins. Co.*, 379 F. Supp. 3d 1046, 1053 (C.D. Cal. 2019). Plaintiff has "the burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted." *Gates*, 987 F.2d at 1397–98.

Defendant's hourly rates are reasonable.[1] The partners and senior counsel who represent Defendant have substantial experience. Jason D. Jones is a partner at Fross Zelnick Lehrman & Zissu ("FZLZ") and has significant experience litigating copyright and trademark infringement. (Jones Decl. ¶ 5, ECF No. 67-9.) Richard Lehv is a senior litigation counsel at FZLZ and has over 40 years of experience litigating copyright and trademark infringement. (Jones Decl. ¶ 6, ECF No. 67-9.) Kevin Lussier is a partner at Cruser Mitchell Novitz Sanchez Gaston & Zimet ("CMN") and has over 36 years of experience in intellectual property litigation. (Lussier Decl. ¶ 4, ECF No. 67-11.)

Courts in this District have regularly awarded partners with comparable experience hourly rates exceeding $800 and associates hourly rates exceeding $600. *See, e.g.*, *Amazon Content Servs. LLC v. DeBarr*, 2025 WL 2553333, at *1 (C.D. Cal. Aug. 8, 2025) (finding rates of $885-$1,090 an hour for partners and a rate of $620-$680 an hour for a fourth-year associate in a copyright case to be "reasonable and in line with the prevailing market rates"); *Providence Publ'ns, LLC v. NBC Universal Media, LLC*, 2025 WL 1766338, at *4 (C.D. Cal. June 18, 2025) (finding partner rate of $845.75 an hour and associate rate of $663 an hour to be reasonable).

#### B.    Hours Expended

In litigating this case, Defendant filed a Motion to Change Venue, a Motion to Dismiss, and a Motion for Summary Judgment. In addition, Petitioner filed this Motion for Attorney's Fees. *See Hung Nguyen v. Regents of Univ. of Cal.*, 2018 WL 6112616, at *5 (C.D. Cal. May 18, 2018) (holding that a party entitled to attorney's fees may also recover for hours expended on preparing the motion for attorney's fee) (quoting *Bark v. Northrop*, 300 F.R.D. 486, 495 (D. Or. 2014)). The 389.3 hours FZLZ attorneys spent and the 78.1 hours CMN attorneys respectively spent, for a total of 467.4 hours, completing these tasks is reasonable.

---

[1] Plaintiff even concedes that "courts have approved similar rates in complex cases." (Opp. Def's Motion Atty's Fees at 8, ECF No. 69).

UNITED STATES DISTRICT COURT        closed
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-00732-RGK-MAA | | Date | October 23, 2025 |
|---|---|---|---|---|
| Title | *John Gioeli v. Sega of America, Inc.* | | | |

Plaintiff argues that Defendant engaged in duplicative work by engaging with national counsel and local counsel, by involving all three FZLZ attorneys in meetings and conferences in response to each motion, and by block billing. The Court disagrees.

Plaintiff does not meet his burden to show why Defendant's time spent was unreasonable. *Ortega v. BMW of N. Am., LLC*, 2019 WL 6792798, at *3 (C.D. Cal. Oct. 24, 2019) ("Verified attorney time records are presumptively correct."). Especially considering that attorneys on the same case need to communicate with each other, "[o]ne certainly expects some degree of duplication as an inherent part of the [litigation] process." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Plaintiff does not indicate which entries were block billed nor why those entries were unreasonable. Furthermore, Plaintiff fails to account for the time and resources expended due to Plaintiff's failed appearance and missed deadlines.

### C.    Lodestar Calculation

To summarize, the Court finds that awarding Defendant $364,477.50 in attorneys' fees and $1,500 in costs is reasonable.[2] In so finding, the Court adopts the following lodestar calculation:

| Attorney | Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Jason Jones | 191 | $890 ($800 for 22.3 hours) | $167,983 |
| Richard Z. Lehv | 106.9 | $995 ($895 for 24.4 hours) | $103,925.50 |
| Courtney Shier | 91.4 | $570 ($565 for 3.5 hours; $625 for 11.7 hours) | $52,724 |
| Kevin Lussier | 64.7 | $550 | $35,585 |
| Suhail Rajakumar | 9 | $400 | $3,600 |
| Jonathan Coria | 4.4 | $150 | $660 |
| **Total** | **467.4** | - | **$364,477.50** |

---

[2] Defendant seeks to recover $1,500 in costs for *pro hac vice* applications. The Court again finds Plaintiff's conclusory allegations do not show why Defendant cannot recover these costs.

UNITED STATES DISTRICT COURT                    closed
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-00732-RGK-MAA | Date | October 23, 2025 |
|---|---|---|---|
| Title | *John Gioeli v. Sega of America, Inc.* | | |

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion, awarding Defendant $364,477.50 in attorney's fees and $1,500 in costs.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer                    JRE/sh